HAMILL V. WARD.

14　277
14　529
14　277
5a　129

CONTRACTS — JOINT AND SEVERAL OBLIGATIONS.— Under Civil Code, section ⁺⁷, and General Statutes, section 1834, making joint instruments several also, the holder of a note who sues the maker and indorser as joint makers, dismisses as to the indorser, without prejudice, and obtains judgment against the maker, may afterwards sue the indorser.

*Appeal from Superior Court of Denver.*

ACTION on promissory note.

Mr. R. S. MORRISON, for appellant.

Mr. J. W. HORNER, for appellee.

RICHMOND, C.　June 17, 1884, O. H. Rothacker made his promissory note, payable four, months after date, to the order of W. A. Hamill, for the sum of $914.76, with interest at ten per cent. per annum. This note Hamill indorsed to the Rounds·Type & Press Company.

December 19, 1884, appellee herein, and plaintiff below, Samuel D. Ward, as assignee of the Rounds Type & Press Company, brought suit in the superior court of the city of Denver against Rothacker and Hamill, alleging that they were joint makers of the note.

To this complaint Hamill interposed a demurrer. The grounds of the demurrer do not appear in the abstract or transcript of record; but in the brief of appellee we are informed that the grounds of demurrer were "that it did not appear by the complaint that defendant Hamill was liable as joint maker." The demurrer was sustained. Thereupon, upon motion of plaintiff, it was ordered by the court that the cause be dismissed as to defendant Hamill, at the cost of plaintiff; said dismissal to be without prejudice as to the rights of plaintiff against said defendant Hamill.

Default was taken against Rothacker, and judgment

entered for the full amount of the note, with interest. Execution was issued, and $500 obtained.

April 7, 1885, plaintiff instituted this action against Hamill to recover the balance due on the note, alleging the proceedings above recited, the insolvency of Rothacker, and that there now remained due and unpaid the sum of $542.40.

The answer of defendant sets up previous suit, alleging that plaintiff had elected to proceed against Hamill and Rothacker as joint makers; that he obtained judgment against Rothacker as a joint maker; and therefore is barred from proceeding against the defendant Hamill in this action as indorser.

To this answer plaintiff replies, admitting that the original complaint charged Rothacker and Hamill as joint makers; but says that it is not true that in subsequent proceedings Rothacker and Hamill were charged as joint makers, or that judgment was taken against Rothacker as joint maker.

Trial by the court, and judgment for plaintiff in the sum of $568, to which defendant duly excepted, and prosecutes this appeal.

Neither the transcript nor the abstract contains the record evidence introduced in the trial court; therefore objections relating thereto will not be considered. In the abstract of the bill of exceptions it is recited that plaintiff offered in evidence the execution and return in the case of *Samuel D. Ward, assignee, v. O. H. Rothacker* (No. 963), which shows that a levy had been made, and that execution was returned satisfied to the extent of $447.60 and costs, and unsatisfied as to $540.40; that plaintiff offered record of judgment and the papers and proceedings in case No. 963. It is further recited that of the amended complaint in No. 962 a few paragraphs are the only ones material to the consideration of this case, and are those upon which the defense and appeal are based. By this amended complaint (if it be a part of the

record in 963 instead of 962) it appears that defendants
were proceeded against as joint makers, yet it also ap-
pears in the record that the demurrer was interposed to
the complaint, and that plaintiff obtained leave to fur-
ther amend complaint, and thereafter the order of dis-
missal, without prejudice, was entered.  The contention
of appellant is that plaintiff cannot have judgment against
Rothacker as a joint maker with Hamill, and follow
with a suit against Hamill as indorser.  It is undoubt-
edly true that at common law a judgment against one
of two joint promisors is a bar to an action against both
jointly, and is also a bar to an action against the other.
"Parties cannot be sued separately, for they have in-
curred no separate obligation.  They cannot be sued
jointly, because judgment has already been recovered
against one who would be subjected to two suits for the
same cause."  "But, where the liability is joint and sev-
eral, a judgment against one does not preclude procedure
against the other or others."  2 Daniel, Neg. Inst. § 1296.

By statute, however, in this state, joint instruments,
including promissory notes, are declared to be several
also (Civil Code, § 13; Gen. St. § 1834); and, under said
section 13, the separate obligation of the indorser or surety
is made so far joint as to permit the adjudication of their
respective liabilities in the same action.  Bliss, Code Pl.
(2d ed.) § 93 et seq.; Pom. Rem. § 194 et seq.  But this is
optional with plaintiff, and, upon the dismissal of the
former suit as to Hamill without prejudice, his liability in
the present action remained unaffected.

But it may be claimed that section 107 of the General
Statutes is (notwithstanding the code provision above
mentioned) still in force in this as well as in other par-
ticulars.  Upon this question we need not pass, for the
reason that it is unimportant.  If we assume that said
section 107 is in force and applicable to the present case,
there has been such a compliance with every material
requirement thereof as perfects the liability of Hamill.

He was the assignor of the promissory note, and since plaintiff exercised due diligence in prosecuting his action against the maker, and endeavoring by execution to thus make his debt, his right to proceed in this suit against Hamill for the uncollected balance cannot be questioned.

The judgment is affirmed.

REED and PATTISON, CC., concur.

PER CURIAM.    For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*