WOODBURY HEIGHTS LAND COMPANY, complainant and respondent,

*v.*

HENRY C. LOUDENSLAGER, defendant and appellant.

[Filed March 5th, 1900.]

A corporation filed its bill in the court of chancery against a former officer to recover from him the difference between the price he had paid for a tract of land and the price at which he had conveyed it to the corporation. The bill charged that the latter price was $80,000 in money and that the premises were subject to mortgages amounting to $41,100, which were stated in the deed to be part of the consideration money therefor. The answer admitted the correctness of these allegations, and, upon the figures so established, a decree was obtained by the complainant for the difference between the sum so stated and the price paid by the defendant for the land. After decree the defendant filed a petition in chancery showing that the complainant was executing this decree by advertising the property of the defendant without having paid a certain mortgage made by the defendant for $5,000 upon the land conveyed, which mortgage formed part of the consideration of the said deed and had been since assigned to the defendant who had begun an action at law against the complainant upon its said covenant to pay the said mortgage. The petition also stated that this mortgage was an inadequate security and that the complainant had become practically insolvent. The petitioner prayed

that he be permitted to set off against the decree the amount due on the covenant, and for further relief. The order appealed from dismissed the petition.—*Held,* that under the facts stated in the petition and answer the execution of the decree should be stayed until the determination of the action at law.—*Held, also,* that the petition should not have been dismissed upon the ground that it was stale or that its merits had been passed upon in liquidating the amount of the decree.

On appeal from an order advised by Vice-Chancellor Reed, who filed the following memorandum:

This petition cannot be regarded as one to set off a judgment to be obtained against the complainant against the subsisting decree standing against the complainant in favor of the complainant.

To a judgment or decree there can be no set-off of a debt not in judgment or decree. *Waterm. Set-off* § *322.*

The purpose of the petition is to have the decree modified upon the ground that the defendant was charged with sums which the complainant had covenanted to pay, but never did pay, as a part of the consideration named in the conveyance by defendant to complainant.

But it is manifest that this point has been already passed upon. It has been decided not only by this court, but also by the court of appeals.

The original decree held not only that the defendant should respond for all the profits, but fixed the amount of those profits. That decree was affirmed upon appeal, and upon a petition for a re-hearing was re-heard.

In the petition for re-hearing the fact that the court in its former decree had not given to the defendant the benefit of the reduction now asked for was one of the principal grounds upon which the re-hearing was invoked.

Nevertheless, the court of appeals, in its final decree, adjudged that the decree be so modified as to decree that the appellant do pay to the respondent the one-half of the profits ascertained and stated by the court of chancery in its decree.

There is now no way of attacking this decree except by bill of review.

The petition is not filed for that purpose and contains nothing upon which an application for leave to file such a bill can rest.

The petition is dismissed.

*Mr. Norman Grey,* for the appellant.

*Mr. Howard M. Cooper,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This is a petition filed in the court of chancery by the defendant in a cause that had been decided by this court and remitted for correction and execution.

The history of the litigation may be gathered from the reported opinions: *Woodbury Heights Land Co.* v. *Loudenslager, 10 Dick. Ch. Rep. 78; Loudenslager* v. *Woodbury Heights Land Co., 11 Dick. Ch. Rep. 411; Woodbury Heights Land Co.* v. *Loudenslager, 13 Dick. Ch. Rep. 556.*

Briefly restated for present purposes, the case is that Henry C. Loudenslager, while an officer of the Woodbury Heights Land Company, sold to it for $81,493.86 a tract of land that had cost him $66,223. The difference, $15,270.86, represented the profit of the transaction, divided between Loudenslager and another officer of the company. Upon a bill filed against Loudenslager alone the company obtained a decree for half of said profit, to wit, $7,635.43, with interest, for which execution has been levied upon the property of the defendant.

In the present petition the defendant shows that the said sum of $81,493.86 that formed the basis of the decree against him was made up in part of a mortgage for $5,000 made by him upon a parcel of said land conveyed to the complainant company and, he says, assumed by the company as part of its purchase-price of the property, but which, irrespective of its assumption, was indubitably included in the said sum of $81,493.86. The petition further shows that this mortgage has not been paid, but is in the hands of the petitioner by assignment, and that he has

brought a suit in the supreme court against the complainant corporation for its breach of the said covenant assuming said mortgage, and that the complainant is without property or assets with which to pay such judgment as will be rendered if the petitioner be successful in his said suit at law, and that the mortgage itself has become an inadequate security. The prayer of the petition is that the petitioner be allowed to set off the principal and interest due to him from the complainant upon said covenant against the principal and interest due to the complainant upon the said decree, and that in the meantime the complainant be restrained from advertising and selling the property of the petitioner under said decree or from assigning or transferring the same, and for further relief.

In its answer to this petition the complainant does not deny any of the facts stated, but alleges that the questions sought to be raised have been passed upon in the progress of the cause in chancery, and that the complainant has pleaded issuably to the action at law.

The learned vice-chancellor, to whom these matters were exhibited, dismissed the petition because a mere covenant could not be set off against a decree, and denied further relief because the merits of the petition, in his view, touched only the amount of the profits which had been settled by the final decree. A bill of review to re-liquidate the amount of the decree was suggested, but not allowed.

None of these conclusions places the petitioner's application in the light to which the equity of the present situation, as I understand it, entitled him.

As to the first point, while it is clear that the covenant cannot be set off as if it were already a debt of record, I think that the prayer for a stay of execution and for further relief should be so read, in view of the pending litigation at law, as to cover the time reasonably necessary for the termination of that suit. The uncontradicted state of facts is such as to incline a court of equity to hold its hand while the parties are litigating their differences in a court of law. This customary chancery practice would doubtless have obtained had not the vice-chancellor, who had had no personal acquaintance with the litigation in its

earlier stages, been impressed with the idea that the defendant's strait arose from his neglect to press his present claim upon the atte~ tion of the court of chancery as part of his accounting, or else that it had been so pressed and decided against him. No account was taken in the court of chancery, although Vice-Chancellor Pitney tendered a reference which was not ordered, for the obvious reason that the bill and answer agreed upon the figures however much they differed about the facts. As to the former, the decree followed the bill. Indeed the present proceeding might aptly be described as an application by a defendant to compel the enforcement of a decree by the complainant conformably to the equity of the bill upon which it was obtained.

The sole issue upon which the amount of the decree rested was the difference between the price the defendant paid for the land and that at which he conveyed it to the complainant. Testimony was taken with respect to the price paid by the defendant, but with respect to the price at which the property was conveyed to the complainant, which is the matter now stirred, there was no question between the parties and could not have been any upon the issue tendered by the bill of complaint. In the bill itself this price is charged as

"eighty thousand dollars in money, said premises being conveyed subject to mortgages amounting in the aggregate to $41,100.00, which mortgages are stated in said deed to be a part of the consideration money therein mentioned."

The deed to which the bill of complaint thus refers contains this clause:

"The above premises are conveyed under and subject to the payment of the principal amounts of the several mortgages hereinafter mentioned and the interest on the same from the date hereof."

Among the mortgages that follow is the one for $5,000 above referred to. The answer admitted this charge, and the vice-chancellor took the figures that measured the profits from the bill, and upon it founded a decree for the complainant. It may well be doubted whether he would have listened to the defendant had he sought to argue that his illicit profit might in

the future be computed upon a more favorable basis if the complainant's allegations as to its own promises were not made good. The defendant was in court to answer by admission or denial the facts stated in the bill, not to foresee equities that might arise if facts that he was compelled to admit were afterward varied by the complainant.

Even now, when the complainant has not paid $5,000 of the consideration money, and is defending at law against its payment, it is not clear to me how the matter bears upon the issue raised by the bill and settled by the decree. If the decree were opened to-day the proof would, as I see the case, be inadmissible unless the complainant were compelled to amend its bill and withdraw its admission as to the consideration of the deed to it from the defendant—an unheard of proposition. The gravamen of the petition is not that the decree is not right or that it does not bind the defendant, but that it is right and that it binds the complainant. The argument of the petitioner runs somewhat like this: The decree against me is for $7,635.43. That sum is the profit of my sale to the complainant if the consideration of the conveyance to the complainant was $81,493.86. The consideration of the conveyance was $81,493.86, if it included the mortgages subject to which I sold the land, one of which was the $5,000 mortgage I had placed upon it. Hence, when the complainant alleged that the consideration was $81,493.86, and that computed in that sum was the mortgage debt on the land, it admitted that my $5,000 mortgage was part of the consideration. And when it took a decree against me for the difference between $81,493.86, which included my mortgage, and the sum I had paid for the land, it became part of that decree that as to me the complainant was primarily liable to pay that mortgage. So that now when that mortgage is in my hands unpaid, equity will consider that to have been done that should have been done, and will permit the complainant to execute this decree against me only upon the condition that it credit upon the execution the sum so established by the decree to be due to me.

In support of this argument the petitioner might cite the language of Chancellor Haines in *Tichenor* v. *Dodd, 3 Gr. Ch. 457:* "By the terms of the deed, *the mortgage money was to be*

*taken as a part of the consideration,* and hence, the proposition that under such circumstances equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor is correct. If he withhold the money till the premises are sold away from him, he has no ground of complaint if the mortgagor asks him to pay the amount remaining due." In *Crowell* v. *Hospital of Saint Barnabas,* Mr. Justice Depue, speaking for the court of errors and appeals, summarized the authorities upon such stipulations as follows:

"1. In equity a stipulation of this kind is regarded as a contract to indemnify the grantor against the mortgage debt.

"2. The mortgage debt does not thereby become a personal debt of the grantee.

"3. The equity is operative between the parties to the deed only.

"4. If the purchaser buy the mere equity of redemption, he may discharge his equity to the mortgagor by releasing the lands.

"5. If by the terms of the purchase the mortgage debt is by agreement taken as part of the consideration money, equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor against the mortgage debt."

In other words, the mortgage debt may by agreement, if so stated in the deed, be charged upon the unpaid purchase-money, which is a different thing from the legal assumption of the mortgage debt by the grantee.

If to the circumstances of the above case we add that the grantee has parted with the mortgaged lands and that the debt charged upon the unpaid purchase-money is payable to defendant in execution with respect to a decree based upon such unpaid purchase-money, the general nature of the relief to which the petitioner considers himself entitled is spread before us.

It is not essential to this suppositional argument that the complainant should have assumed the payment of the mortgage subject to which it accepted the conveyance from the defendant. That is the subject of the action at law, and depends upon the language of the deed of conveyance. Let the construction of the covenant be what it may, there is no question upon this peti-

tion that the sum of the mortgages was in fact and by agreement computed in the purchase-price and made the basis of the decree. Hence the equity above suggested is entirely independent of the result of the action upon the covenant or of any other form of legal remedy. Indeed if there be neither legal assumption nor equitable charge, still the fact remains that by enforcing this decree the complainant is bettering itself to the extent of $5,000 beyond the case upon which it got its decree. Which sum, in the case last supposed, instead of being credited upon the defendant's half of the profits, would be deducted from the whole of the profits and the defendant credited with half of the rebate. The deed will, I suppose, receive its construction in the court of law. If not, the court of chancery may construe it and have before it by adjudication, admission or estoppel the material for a complete administration of any equities that may have arisen by what has either happened or transpired since the making of its decree. Whether this administration should take the form of that equitable control exercised by every court over the enforcement of its own process or whether it should be by a separate proceeding is not now before us upon this appeal. The vice-chancellor dismissed the present petition not because it was a petition, but because he considered that it touched only the amount of the decree and was at best a stale claim. In both of these respects he was, as I have endeavored to point out, in error. If I have succeeded, it is because beyond any answer that could have been made to the bill, aside from any dissatisfaction with the amount of the decree, apart even from the question of setting off one debt of record against another, this petition discloses a situation in which inequity will be done under the forms of law, if the facts be as they are now permitted to appear.

Inasmuch as the order dismissing the petition is to be reversed in order that the court of chancery may stay the execution of its decree pending the action at law, the petition thus rehabilitated may stand open for such purposes as the advice of counsel and the practice of that court may admit.

I have not considered whether by a different presentation of the facts the defendant ought to be permitted to file a bill of

review. It has not seemed to me that his remedy was to correct a decree of which he does not complain. It is entirely possible that the same situation that brings the enforcement of the decree under judicial scrutiny might lead the court to alter the decree itself. If the sum be established, it may even be optional with a defendant whether it be credited upon the execution or be deducted from the decree. All that is decided upon this appeal is that the execution should be stayed, that the levy stand as security to the complainant, and that the case presented by the petition is not stale.

*For .reversal*—The Chief-Justice, Depue, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Collins, Bogert, Nixon, Hendrickson, Adams, Vredenburgh—14.

*For affirmance*—None.