[No. 5333.]
[No. 2975 C. A.]

THE FLORENCE OIL & REFINING COMPANY v. McRae,
EXECUTRIX.

1. **Action on Account—Interest—Statutory Construction.**

Where, in an action on account, it is shown that according to custom the goods sold and delivered each month become due on the first day of the succeeding month, such date fixes the time from which interest can be computed in accordance with Mills' Ann. Stats., § 2252, allowing interest to creditors, when there is no agreement as to the rate thereof, at the rate of eight per cent. per annum on money due on account from the date when the same "became due."—P. 304.

2. **Appellate Practice—Frivolous Appeal—Penalty.**

Where it appears from a perusal of the record that an appeal is taken solely for delay and is frivolous and entirely without merit, a penalty should be imposed.—P. 305.

*Appeal from the District Court of Fremont County.*
*Hon. Morton S. Bailey, Judge.*

Action by May Agnes McRae, as executrix, against The Florence Oil & Refining Company. From a judgment for plaintiff, defendant appeals.

> *Affirmed, with a penalty of 20 per
> cent. for frivolous appeal.*

Mr. JAMES T. LOCKE, for appellant.

Messrs. CHAMPION & BLUNT, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellee, as executrix of the last will and testament of her deceased husband, sued appellant upon an account for goods, wares and merchandise sold and delivered to appellant, by the husband, at the special instance and request of appellant, at and for an agreed price.

A verified answer put in issue the material averments of the complaint.

Appellant introduced no evidence at the trial, which was to a jury.

The court instructed the jury that, if they should find from the evidence that any sum was due from the defendant to the plaintiff, as executrix of the will of her husband, they should allow interest on such sum from the date when they found it was due, under the testimony, at the rate of eight per cent. per annum, but that in no event could interest be allowed from a date earlier than May 1, 1902. The limitation as to the date from which interest should be computed, was by reason of the fact that the complaint demanded interest from such date.

The jury found the issue for plaintiff, assessed her damages at the sum of $410.80 on the account, and allowed $32.67 as interest, making a total of $443.47.

Judgment was rendered upon the verdict.

The only assignment of error presented is that based upon the instruction of the court allowing interest.

The statute, § 2252, Mills' Ann. Stats., provides:

"Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of eight per centum per annum * * * on money due on account from the date when the same became due."

The testimony of appellee showed that during the months of November and December, 1901, and January, February and March, 1902, the goods sued for were sold and delivered to appellant; that bills were rendered on the first day of each month for the amount due; that the account had been presented and payment demanded before the death of appellee's husband.

The books of account were introduced in evidence which showed that the last item of the account was delivered in March, 1902.

It is the contention of appellant that no date was fixed by the testimony from which interest could be computed.

The testimony establishes the fact that, according to a custom of the trade, the account for goods sold and delivered during each month was due on the first day of each succeeding month.

In *F. & C. C. R. Co. v. Tennant,* 32 Colo. 71, 76, the present chief justice, writing the opinion of the court, said:

"Debtors cannot avoid the payment of interest by disputing the account, and when at the trial the account or any portion of it is established, the creditor is entitled to interest upon the amount found to be due."

In the present case the amount due was established, and the date or dates when such amount became due was likewise established.

There is no merit whatever in the contention of appellant.

A perusal of the record in this case leads to but one conclusion, and that is, that this appeal is entirely without merit, is frivolous and taken solely for delay.

In *Florence Oil & Refining Co. v. First National Bank of Canon City,* 38 Colo. 119, Mr. Justice Campbell, speaking for the court, said:

"We can reach no other conclusion than that appellants have abused their right or privilege of appeal, have needlessly consumed the time of this court with a question previously settled in this jurisdiction, and vexatiously delayed and harassed appellee in the collection of a conceded debt, for which an appellate court, in administering justice, should

impose the penalty. *Rohrig v. Pearson,* 15 Colo. 127, 24 Pac. 1083, is authority for the power of an appellate court to impose a penalty for frivolous delays.''

The above is applicable to this case.

The judgment will be affirmed, and a penalty of 20 per cent. of the amount of the judgment imposed, because of the frivolous appeal.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.