[No. 8439.]

MILNER BANK AND TRUST COMPANY v. ESTATE OF WHIPPLE.

1. EVIDENCE—*Burden of Proof.* In an action against a decedent's estate, upon a promissory note bearing her signature, the administrator asserting that deceased was a mere surety has the burden of proof. (254.)

2. —— *Self-serving Statements,* prove nothing. (255.)

3. ADMINISTRATION—*Statute of Non-Claim.* Where a claim is filed against a decedent's estate within one year from the granting of letters, it is

immaterial that no notice to the executor of an application for its allowance is given, until the lapse of the year. (256.)

4. PROMISSORY NOTE—*Construed.* A promissory note signed by husband and wife held to be their joint and several promise. (255.)

*Error to Routt District Court.* Hon. JOHN T. SHUMATE, Judge.

Mr. JOHN H. GABRIEL and Mr. JOSEPH K. BOZARD, for plaintiff in error.

Messrs. KELLY & HAINES and Mr. ARTHUR L. WESSELS, for defendant in error.

BAILEY, J., delivered the opinion of the court.

Plaintiff in error is a corporation doing a banking business at Steamboat Springs, Colorado, and is the owner and holder of two promissory notes, each for the principal sum of $300.00, one dated October 25 and the other November 3rd. 1909, signed by Lucy Y. A. Whipple and her husband. Except as to date and time of payment, the one being payable on demand and the other in four months, the notes are alike. There is no dispute as to the execution and delivery of the notes. Mrs. Whipple died on the 27th day of November, 1909, and the notes were filed as claims against her estate in September, 1910. The following is a copy of the demand note:

"$300.00        Steamboat Springs, Colo., Oct. 25th, 1909.

On Demand we promise to pay The Milner Bank & Trust Company, at Steamboat Springs, Colorado, Three hundred and no/100 dollars, with interest at ten per cent per annum from date until due, payable semi-annually. If not paid when due, to bear interest at one per cent per month until paid.

It is also stipulated that should this note be collected by an attorney (whether by suit or otherwise) ten per

cent shall be allowed the holder as attorney's fees.   We, the makers, endorsers, guarantors, assignors and sureties, severally waive presentment for payment, demand, protest and notice of protest for non-payment of this note.

D. W. WHIPPLE

LUCY Y. A. WHIPPLE

No. 8369
Due Demand 5/17/10
　　　1/31
　　　$18.75 paid 6/15 as int. to 6/9/10."

The record in this case establishes conclusively that the notes are joint; that they were executed and delivered upon their respective dates for a valuable consideration; that the payee named therein, plaintiff in error here, is the present owner and holder thereof; and that they have not been paid.

Allowance of the notes is resisted upon the grounds that they were barred by the statute of non-claim, and that since the notes are non-negotiable Lucy Y. A. Whipple, being only a surety, had been released therefrom by operation of law.

The solvency or insolvency of D. W. Whipple, the alleged release of Lucy Y. A. Whipple because of extension of time of payment of the notes, and the failure of the bank to collect from D. W. Whipple on notice to do so, which have been urged and argued in support of an affirmance of the judgment, are incidental to the question of suretyship, and unless Mrs. Whipple was a surety, none of them becomes material.   Under the proofs it is also immaterial whether the notes are in form negotiable or non-negotiable.

It is claimed and asserted by the defendant that Mrs. Whipple was a surety upon the instrument in controversy, and the burden of proof devolved upon the executors to show that fact.   There is not a scintilla of evidence, as we

view the record, to establish suretyship. Mrs. Whipple herself never claimed to be a surety. All that we find in the record are mere assertions and claims by her legal representatives that she signed as such. Her name appears on these notes as joint maker. Nothing but self-serving statements are introduced to show suretyship, and they do not prove any fact whatever. These statements do not pertain to or state any fact or facts as to the understanding between Mrs. Whipple and the bank at the time of the execution of the notes. The status of the parties was fixed when the notes were executed. No assumptions of, or statements by, the executors can now change that status. The signatures were on the notes when they were delivered and the money was loaned by the present holder. Under the decision of this court that is sufficient to fix the liability of Lucy Y. A. Whipple as a joint maker. *Edmonston v. Ascough,* 43 Colo. 55, 95 Pac. 313.

As Mrs. Whipple was a joint maker, the case of *Martin v. Skehan,* 2 Colo. 614, has no application. Also under our code provision, Mills' Ann. Code, sec. 13, which reads:

"Persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff." The obligation is joint and several and the action is proper against either of the joint makers. *Cone v. Eldridge,* 51 Colo. 564, 119 Pac. 616; *Hamill v. Ward,* 14 Colo. 277, 23 Pac. 330.

Upon the contention that the claim is barred by the statute of non-claim, the provision in this behalf is section 7206, Revised Statutes 1908, which reads as follows:

"All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be filed in the county court within one year from the granting of

letters as aforesaid, and thereafter allowed by the court, shall compose the fourth class; * * * all demands not filed within one year as aforesaid, and afterwards allowed, shall be forever barred." * * * There is no question that the claims were filed in the County Court of Routt County within the year. Letters testamentary were issued March 28th, 1910, and the claims were filed September 16th, 1910. No notices of the calling up of the claims for allowance were served on the executor until December, 1912, the estate at that time not having been closed.

The identical point raised by the defendants in error on the statute of non-claim, sec. 7206, *supra*, was decided by the Court of Appeals, adversely to their contention, in *Brown's Estate v. Stair*, 25 Colo. App. 140. This provision needs no construction, it construes itself. Language could not be used to make its meaning plainer. When a claim is filed in the proper court within a year, that arrests the running of the statute.

The judgment of the District Court is reversed and the cause remanded, with directions to allow as charges against the estate of Lucy Y. A. Whipple these two notes, with all accrued interest as therein provided.

*Judgment reversed and cause remanded with directions.*

Chief Justice GABBERT and Mr. Justice WHITE concur.

Decided March 6, A. D. 1916. Rehearing denied May 1, A. D. 1916.