## SANDERSON et al. v. TURNER et ux.

No. 9037—Opinion Filed July 23, 1918.

Rehearing Denied Sept. 17, 1918.

(174 Pac. 763.)

### 1. Mortgages—Assumption of Mortgages—Implied Liability.

Where land is sold subject to mortgage and the amount secured by the mortgage is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the indebtedness secured by the mortgage.

### 2. Same—Payment.

Where land incumbered by a mortgage is sold subject to the mortgage, the land itself is the primary fund out of which to satisfy the mortgage.

### 3. Same—Reconveyance.

Where a grantor sells land incumbered by a mortgage subject to the mortgage, and the grantee assumes the payment of the mortgage, and the land is mediately or immediately reconveyed to the grantor, and in each transfer the amount secured by the mortgage is deducted from the consideration, there is an implied assumption of the indebtedness secured by the mortgage by each grantee and the grantor, when the land is reconveyed to him, assumes the payment of said mortgage, and cannot recover from his grantee on his grantee's assumption of payment of said mortgage.

(Syllabus by Pryor, C.)

Error from District Court, Jackson County; Will Linn, Judge.

Action by George C. Turner and wife against W. E. Sanderson and another. From a judgment for plaintiffs, defendants bring error. Reversed and remanded, with directions.

Robinson & Whiteside, for plaintiffs in error.

Guy P. Horton and P. K. Morrill, for defendants in error.

Opinion by PRYOR, C. On the 18th day of December, 1909, the defendant in error, George C. Turner, was the owner of 160 acres of land situated in Jackson county, which land was incumbered with a mortgage, in the sum of $2,500. On that date he conveyed 80 acres of said land to plaintiffs in error, W. E. Sanderson and Raymond H. Fox, for the consideration of $250, subject to the mortgage, which the grantees, W. E. Sanderson and Raymond H. Fox, agreed to assume. On the 6th day of March, 1911, Raymond H. Fox conveyed his undivided one-half interest to said 80 acres to W. F. Sampson, for a nominal sum, and subject to the mortgage. On the 12th day of February, 1912, Sanderson and Sampson conveyed the whole of the said 80 acres to E. C. Garrison, for a nominal sum, subject to said mortgage. Thereafter, on the 21st day of August, 1912, the said Garrison conveyed the said 80 acres to J. E. Lawson, for a nominal sum, subject to said mortgage. On the 20th day of December, 1913, J. E. Lawson conveyed said 80 acres of land to Geo. C. Turner, the defendant in error, for the nominal sum of $50, subject to the mortgage aforesaid. Thereafter the said Turner, the maker of said mortgage and the first owner of the said premises, paid off the indebtedness with interest. The said Turner brought this action against Sanderson and Fox to recover the sum for which said mortgage was given to secure, and interest, under the agreement of said Sanderson and Fox to assume the same. There was judgment in the trial court in favor of the plaintiff Turner and against the defendants, Sanderson and Fox, for the amount of said mortgage, and interest. From this judgment Sanderson and Fox appeal.

The only question presented for consideration on appeal is whether or not the defendants are liable, under the circumstances, to the plaintiff under their agreement to assume said mortgage. The plaintiff Turner had to pay the same to save the premises from being foreclosed under said mortgage. The law is well settled that, where land which is incumbered is sold subject to the incumbrance and the amount of the incumbrance is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the incumbrance. Thompson v. Thompson, 4 Ohio St. 333; In re May, 218 Pa. 64, 67 Atl. 120; Braman v. Dowse, 12 Cush. (Mass.) 227; Smith v. Truslow, 84 N. Y. 660; Siegel v. Borland, 191 Ill. 107, 60 N. E. 863; Bristol Sav. Bank v. Stiger, 86 Iowa, 344, 53 N. W. 265; Jones on Mortgages, vol 2 (7th Ed.) § 749; Heid v. Vreeland, 30 N. J. Eq. 591.

"There can be no doubt at this day that, where the purchaser of land incumbered by a mortgage agrees to pay a particular sum as purchase money, and, on the execution of the contract of purchase the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he agrees to do so by express words or not. This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it. His retention of the vendor's money for the payment of the mortgage imposes upon him the duty of protecting the vendor against the mortgage debt. This must be so even according to the lowest notions of justice; for it would seem to be almost intolerably unjust to permit him to keep back the vendor's money with the understanding that he would pay the vendor's debt, and still be free from all liability for a failure to apply the money according to his promise." Heid v. Vreeland, 30 N. J. Eq. 591, supra.

Where lands are conveyed in the manner of the lands in controversy, subject to the existing mortgage or incumbrance, the primary fund for the satisfaction of the incumbrance is the land itself. 27 Cyc. 1342; McNaughton v. Burke, 63 Neb. 704, 89 N. W. 275; Frerking v. Thomas, 64 Neb. 193, 89 N. W. 1005; Lamka v. Donnelly, 163 Iowa, 255, 143 N. W. 869; Hadley v. Clark, 8 Idaho, 497, 69 Pac. 319.

Applying the foregoing principles to the case at bar, it is evident that it was the intention of the parties that the amount of the mortgage should be deducted from the consideration in each conveyance, and that the person ultimately becoming the owner of these lands free from the incumbrance should assume and pay off the incumbrance; that the assumption of this indebtedness passed from the grantor to his grantee in each instance. When the lands were finally reconveyed to Turner himself, they were still charged with the incumbrance, and the assumption of payment of the incumbrance was the consideration for the payment thereof. Certainly it was not the understanding or intention of the parties that any one of the grantees, including Turner himself, should receive these lands for a nominal sum free from the incumbrance and leave the grantor with the responsibility of paying off the indebtedness. The principal consideration of each conveyance was the assumption of the incumbrance, and it would certainly neither be just nor equitable that Turner should receive these lands back free from incumbrance. Neither should the defendants pay the incumbrance, when they are receiving nothing. When Turner repurchased the land he received it subject to the mortgage and reassumed the payment of the same. The application of the foregoing rules in this instance clearly does justice and equity to all persons involved in the controversy.

The judgment of the trial court therefore should be reversed and remanded, with directions to enter judgment for the defendants, Sanderson and Fox.

By the Court: It is so ordered.