## No. 11,513.

### OFFILL, ADMINISTRATOR *v.* ROUTH.

Decided March 1, 1926.

Action against an estate for unpaid balance due on a promissory note. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. EXECUTORS AND ADMINISTRATORS—*Claims—Allowance.* A claim filed against an estate within the statutory six months may be allowed at any time before final settlement.

2. MORTGAGES—*Foreclosure—Deficiency Judgment—Estates.* The allowance of a mortgage note as a claim against an estate and permission for foreclosure by the county court, is not a prerequisite to judgment on a claim for a balance due on the note after foreclosure and deficiency judgment against decedent's grantee.

3. APPELLATE PRACTICE — *Frivolous Litigation — Penalty.* Request by plaintiff that twenty per cent be added to his judgment as a penalty for frivolous and vexatious litigation, denied.

*Error to the District Court of Montrose County, Hon.
Thomas J. Black, Judge.*

Mr. HUGO SELIG, for plaintiff in error.

Mr. JOHN L. STIVERS, Mr. EARLE BRYANT, for defendant
in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THERE was default in payment of a note secured by a
real estate mortgage; foreclosure and deficiency judg-
ment against a subsequent purchaser; allowance by the
county court, of the unpaid balance, against the estate of
the maker; appeal therefrom and judgment of affirmance
by the district court. This writ is sued out to review
that judgment and the cause is now before us on applica-
tion for supersedeas. Defendant in error is hereinafter
referred to as plaintiff.

The material facts are agreed to and are as follows:
(1) January 11, 1921, James M. Offill gave to plain-
tiff his $2,500 note, secured by a real estate mortgage,
and thereafter sold the land to one, Dunlap, who as-
sumed the debt; (2) October 28, 1924, James M. Offill
died; (3) November 12, 1924, letters were issued to the
administrator; (4) January 26, 1925, plaintiff brought
an action in foreclosure against the administrator and
Dunlap. The administrator demurred and as a result
thereof he was dismissed; (5) April 23, 1925, the note
and mortgage were filed as a claim against the estate;
(6) After the last mentioned date, but when is not shown,
foreclosure was decreed, the land sold, the proceeds ap-
plied, and a deficiency judgment of $974.84 entered;
(7) June 12, 1925, execution was issued against Dunlap
for the deficiency, and returned unsatisfied September
21, 1925; (8) December 7, 1925, plaintiff's claim was
allowed by the county court for the unpaid balance of

the note, and the administrator appealed; (9) January 12, 1926, the cause having been tried in the district court, judgment was entered in favor of plaintiff for $974.84, which judgment is now here for review; (10) there was no allowance of any part of the foreclosure claim by the county court before judgment in the district court, and no permission of the county court for the foreclosure.

Counsel for the administrator says in his brief: "The four assignments of error may be grouped into one question, 'May a deficiency judgment in foreclosure of a mortgage be allowed and classified against the estate of a deceased person more than one year after letters of administration issue, without the prerequisite of the allowance and classification of the original note or claim, and permission of the county court to foreclose the mortgage securing same?' "

The entire argument for the administrator is based upon false premises. When these are corrected nothing remains to answer. The claim was filed within six months. Its allowance after one year, if before final settlement of the estate, was immaterial. C. L. 1921, § 5335; *Milner Bank & T. Co. v. Whipple's Estate,* 61 Colo. 252, 156 Pac. 1098.

The statutes concerning the foreclosures of mortgages against estates are not applicable. This foreclosure was against Dunlap only. Offill had parted with the land, and the estate had no interest in it.

The basis of plaintiff's claim against the estate was decedent's note, not the deficiency judgment. These are of necessity for the same amount because there can be no double recovery.

The suit and judgment of foreclosure being against Dunlap an allowance of anything against the estate was not a prerequisite. The record presents no equities in favor of the estate and contains no hint that it has been prejudiced.

Plaintiff asks that twenty per cent be added to his judgment, on the authority of *Florence O. & R. Co. v.*

*McRae,* 40 Colo. 303, 305, 90 Pac. 507, as a penalty for frivolous and vexatious litigation.  We think he is not entitled to it.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ADAMS not participating.