Action for possession of real property.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  TRUST DEED—*Assumption of Indebtedness—Foreclosure.*   Where one buys real estate subject to a trust deed, which encumbrance he assumes, it becomes his debt, and under the facts in the instant case, as between him and his grantor the latter could enforce payment by foreclosure.

2.  EXECUTORS AND ADMINISTRATORS—*Trust Deed—Foreclosure Against Estate.*   A trust deed constituting a lien upon property owned by any person at the date of his death, may be foreclosed only in the manner provided by statute.

3.  EJECTMENT—*Trust Deed—Possession—Pleading.*   In an action for possession of real estate, held, under the facts disclosed, that defendant, if the owner of an indebtedness secured by trust deed against the property, could not have judgment because she failed to plead her equities.   She could, however, protect her interests by an independent action to foreclose.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

Messrs. STOW & STOVER, Mr. H. A. ALPERT, for plaintiff in error.

Mr. GEORGE H. VANHORN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as "Mrs. Watts" and "Mrs. Bock." They are the widows and successors in interest of former owners of lot 8, block 163, Fort Collins, Colorado, who are hereinafter referred to as "Watts" and "Bock."

In 1909 one Cotton owned said lot and there was outstanding against it two trust deeds. The second of these secured a note of $500. Watts bought the lot subject to these two trust deeds and the following year sold it to Bock, who assumed both. About one year later Bock died. Mrs. Bock, his sole heir, was appointed administratrix, settled his estate and succeeded to his interest in the lot. Either before or after the last mentioned sale Watts had affixed his signature to said note. About two years after the death of Bock, Watts paid the balance due, took over the note and began foreclosure. While the proceeding was pending he died. Mrs. Watts succeeded to his interest, received a trustee's deed, took possession, paid off the prior incumbrance and made substantial repairs. In 1924 Mrs. Bock brought this suit for possession. Mrs. Watts defended under her trustee's deed and to review a judgment entered against her she prosecutes this writ and asks that it be made a supersedeas.

Two questions require consideration: (1) Was Watts the owner of the note and entitled to a foreclosure of the trust deed, or was his alleged purchase thereof a mere payment of his own debt? (2) The note and trust deed not having been presented as a claim against the Bock estate must the security, therefore, be foreclosed as a mortgage?

1. Whether Watts signed the $500 note while he was owner of the lot or before his purchase is not clear, hence the dispute as to whether his payment of the balance due thereon was a purchase of the note or a payment of his debt. However, the real question is the relative relations of Watts and Bock to said note. Those were definitely

settled when Bock bought from Watts and assumed both encumbrances. Whatever the former status of the disputed security, it was then fixed by express contract, and as a part of the consideration of Bock's purchase became his debt, which as between him and Watts the latter was entitled to enforce by foreclosure of the trust deed.

2. When the Bock estate was settled, section 1, chapter 124, L. 1905, p. 290 (sec. 7220 R. S. 1908), was in force. It reads in part: "No * * * deed of trust * * * constituting a lien * * * upon any property * * * owned by any person at the date of his death (amended in 1917 by here inserting the words 'or which secures an indebtedness constituting a claim against the estate of any deceased person or mental incompetent.' Sec. 5344, C. L. 1921) * * * shall be foreclosed except as follows:

"(a) If letters * * * issue within one year from such death * * * such * * * deed of trust * * * may be foreclosed within such year, otherwise than by suit, only by permission of such county court, which permission, if the indebtedness secured be a claim against the estate * * *, shall not be granted until such claim shall have first been proved and allowed, or (if the amount secured be not a claim against the estate) until the validity of the lien or encumbrance and the amount secured thereby shall have first been duly proved.

"(b) If no letters * * * issue within one year from such death * * * such * * * deed of trust * * * may thereafter be foreclosed as though there had been no such death * * *.

"(c) Any such * * * deed of trust * * * may be foreclosed at any time by suit * * * ; and must be foreclosed by such suit if letters are issued as aforesaid and the indebtedness secured shall not have been proved and allowed as a claim against the estate, or (in case of no claim existing against the estate) the validity of the lien or encumbrance and the amount secured shall not have been duly approved, as hereinabove required."

The 1917 amendment above noted in parentheses is not material in the present controversy. Mrs. Watts contends that inasmuch as the trust deed was not foreclosed until after the Bock estate was settled the above quoted statute is not applicable, but that the rule laid down by this court in *Offill v. Routh*, 79 Colo. 150, 244 Pac. 305, is. The Offill case is not in point. The statute relates only to liens on property "owned by any person at the date of his death" and in that case Offill had parted with title in his lifetime. That the statute applies to the facts before us is so clear from an examination of its express provisions as to require no aid of adjudicated cases. Moreover, no authority to the contrary has been called to our attention and we know of none. Foreclosure of a trust deed constituting a lien upon any property "owned by any person at the date of his death" is expressly forbidden by the act, save by suit or under certain other conditions. The deed of trust here in question did constitute a lien upon property owned by Bock at the date of his death, and the required conditions have not been met.

The foregoing requires an affirmance of this judgment, but an additional suggestion seems necessary that the possibility of injustice may be obviated.

If Mrs. Watts is the owner of an unpaid indebtedness secured by trust deed, and by payment has become subrogated to the rights of the payee of another debt likewise secured by trust deed, both of which were assumed by Bock, she is still free to protect her interests by an independent action to foreclose. She cannot have judgment here because she failed to plead her equities. They appear only in the evidence. There was no motion to amend to conform thereto and the trial court made no order in the premises.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.