## JOHNSON v. DAVIS.

No. 19499. Opinion Filed July 15, 1930.

Rehearing Denied Nov. 11, 1930.

T. D. Evans, for plaintiff in error.

Joe W. Simpson, for defendant in error.

REID, C. On October 20, 1921, Wallace Davis, the plaintiff in this suit, and his wife gave their note to Charles Renner for $300, payable October 20, 1922, and providing for

interest and attorney's fee. And to secure the note they mortgaged to Renner a certain lot in the city of Tulsa, Okla. On June 12, 1922, Davis and wife conveyed the mortgaged property to C. C. Johnson, the defendant in this case. When the note became due, Johnson paid the semi-annual interest on it, and Renner agreed to extend it another year. Semi-annual interest was also paid by him in June, 1923. In August, 1923, Johnson conveyed the lot to one Atwood. The mortgage note was not paid, and December 30, 1925, Renner brought suit in the district court of Tulsa county for the amount due under the terms of his note and to foreclose his mortgage, making Davis and his wife and Atwood defendants. He got a personal judgment against Davis and wife on the note, and a decree of foreclosure on his mortgage. The property was sold, the amount received was credited on the judgment and taxes due, leaving a deficiency. Davis was called on for the balance; he paid it and brought the present action to recover the amount from Johnson and Atwood, claiming that they each assumed the mortgage when the property was sold to them.

There was a judgment by default against Atwood. At the close of all the evidence in the trial between Johnson and plaintiff, the court instructed a verdict for plaintiff on his motion. Whereupon Johnson alone brought this appeal.

The sole question presented is whether Johnson is liable to Davis, his grantor, under the circumstances shown by this record, it being contended by Johnson that in buying the lot he did not expressly assume payment of, the mortgage on it.

In discussing the evidence before directing the verdict, the court indicated that there was to his mind some conflict in the evidence on the question as to whether Johnson orally agreed to assume the mortgage debt when he bought the lot, but said there was no conflict on the proposition that the amount of the Renner mortgage constituted a distinct part of the consideration for the deed from Davis to Johnson; that he would therefore follow the holding of this court in Sanderson v. Turner (73 Okla. 105, 174 Pac. 763) and hold Johnson liable. In the latter conclusion, we think the court was correct, but we are not sure that defendant's evidence created an issue even upon the other phase of the case.

The deed Davis made was in a usual, though not the statutory, form; and as to consideration recited, "that in consideration of the sum of one dollar and other considerations," and to the paragraph containing the covenants of seizen and against incumbrances was added this language: "except one mortgage of $300 payable to Charles Renner as shown of record," and nothing was added to the covenant of warranty.

It should be borne in mind that this is not a suit by the mortgagee, Renner, claiming that the deed from Davis to Johnson became a contract, by its terms, on the part of Johnson to pay the note; but it is a suit by the grantor in a deed against his grantee, seeking to charge the grantee with the payment to him of a mortgage indebtedness for which he, the grantor, was liable to the mortgagee and has paid him; and with the further essential element that the amount of such mortgage debt was a part of the consideration for the deed and was deducted from the amount paid the grantor when the deed was executed.

The evidence is without contradiction that the property was valued at about $750 when sold by Davis to Johnson; and as a consideration therefor Johnson conveyed to Davis another lot, paid him $200 in money, and the $300 due on the Renner mortgage made the balance of the consideration. The evidence is unchallenged that, before the deed was made, Davis and Johnson called on Renner about the transfer of the property to Johnson; both Renner and Davis testifying that Johnson then agreed to assume the mortgage, and Johnson's explanation of the conversation only reached the dignity of saying that he went with Davis to Renner's to see about the mortgage, but he did not remember having agreed to assume it. However, under the evidence there can be no question that the Renner mortgage, to its full face value, constituted a part of the consideration for the deed, and the case will be so considered and decided upon that proposition alone.

We take it that the rule is well settled that though there be issues upon which there is a conflict of evidence in a case, yet, if there is a single decisive issue upon which there is no conflict, it then becomes the duty of the court to decide the case.

It is true we have held, as contended by defendant, that where a grantee buys land incumbered by a mortgage and the deed simply recites that the land is subject to the mortgage, such recital is not sufficient within itself to make the grantee person-

ally liable for the mortgage · either to the grantor or to the mortgagee.

But the principle upon which this case should be decided is stated in the first paragraph of the syllabus of Sanderson v. Turner, supra, as follows:

"Where land is sold subject to mortgage and the amount secured by the mortgage is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the indebtedness secured by the mortgage."

However, that case did not express for the first time that doctrine in this state, as it had been incidentally recognized, though stated another way, in the syllabus of Van Eman v. Mosing, 36 Okla. 555, 129 Pac. 2; the court saying:

"The mere purchase of the equity of redemption in mortgaged land does not make such purchaser liable personally for the payment of the mortgage debt."

"No personal obligation rests upon the purchaser of mortgaged land to pay the mortgage debt, unless by agreement he assumes its payment, or, by retaining the amount of the purchase price, or otherwise, he clearly makes the debt his own."

And in the case of Bailey v. State, 72 Okla. 203, 179 Pac. 615, this court had again recognized the rule.

The opinion in Sanderson v. Turner cites Thompson v. Thompson, 4 Ohio. St. 333, as authority for the holding. That case was decided in 1854, when the question was new in this country. The court said:

"It seems to be a well-settled principle that the purchaser of an incumbered estate, if he agree to take it subject to the incumbrance, and an abatement is made in the price on that account, is bound to indemnify his grantor against the incumbrance, whether he expressly promise to do so or not,—a promise to that effect being implied from the nature of the transaction"

—and cited several English cases as sustaining the principle announced.

We have stated that the deed in question, following the covenant as to incumbrances, recited that it was free from incumbrances "except" the mortgage for $300 to Renner. More often the deeds in the litigated cases recite, somewhere therein, that the conveyance is made "subject" to a described mortgage, but this distinction in words does not change the rule here applicable, because (1) the effective meaning of the two words is the same when used in such connection, and (2) the defendant's liability, or not, is not fixed in this case by the express terms of the deed, and it could therefore be shown by parol evidence that the grantee in fact assumed payment of the mortgage debt or that it was deducted from the purchase price of the property.

In this case the grantor, Davis, had made the mortgage debt and remained liable for its payment. On the face of the deed the grantee did not become liable to the mortgagee or his grantor, but simply bought the equity of redemption. However, when the oral proof disclosed that the mortgage debt was a part of the consideration, but not then paid, equity implied a contract by the grantee to indemnify his grantor when the grantor was compelled to pay the debt. Jones on Mortgages (8th Ed.) vol. 2, sec. 939, and numerous authorities there cited; Wiltsie on Foreclosure of Mortgages (4th Ed.) vol. 2, sec. 238; Townsend v. Ward, 27 Conn. 610; Lamka v. Donnelly (Iowa) 143 N. W. 869; Woodbury Heights Land Co. v. Loudenslager (N. J. Eq.) 45 Atl. 630; Friedman v. Zuckerman (N. J. Ch.) 145 Atl. 541; Rosenthal v. Heft (Md.) 142 Atl. 598.

The defendant contends that the plaintiff's cause of action, if he had any, was barred by limitation.

We concluded that the defendant was liable as on a contract on indemnity. Plaintiff's cause of action against defendant did not accrue to him until he had paid the deficiency judgment on the mortgage debt. Curtis & Gartside Co. v. Aetna Life Ins. Co., 58 Okla. 470, 160 Pac. 465; Boling v. Ashbridge, 111 Okla. 66, 238 Pac. 421.

This action having been begun less than three years after the payment by which plaintiff's right to recover against defendant accrued, the cause was not barred by limitation. Section 185, subd. 2, C. O. S. 1921.

The judgment should be affirmed, and it is so ordered.

HERR, DIFFENDAFFER, EAGLETON, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.