Jack J. **RUTHER, and Rosa Lee Ruther,**
**Plaintiffs-Appellants,**

v.

Dale D. **THOMAS, Defendant-Appellee,**

**and**

**The Public Trustee of El Paso County,**
**Colorado, Defendant.**

No. 79CA0327.

*Colorado Court of Appeals,*
*Div. II.*

Dec. 13, 1979.

[black redaction box]

Jeffrey J. Wooley, Colorado Springs, for plaintiffs-appellants.

Carvell & Mullens, Robert A. Carvell, Colorado Springs, for defendant-appellee.

PIERCE, Judge.

Plaintiffs Jack and Rosa Lee Ruther appeal a judgment dismissing their complaint against defendants in an action based on a foreclosure sale conducted by defendants on property owned by plaintiffs. We affirm.

Jack Ruther was the owner of certain real estate which was subject to two deeds of trust. He transferred the property to defendant Thomas, who assumed the two existing deeds of trust, and executed a third deed of trust for the benefit of Jack Ruther to secure the purchase money indebtedness of $12,000. Upon Thomas' default, Jack Ruther foreclosed the third deed of trust and purchased the property at the foreclosure sale, bidding the full amount of the indebtedness secured by the third deed of trust. In conducting the foreclosure sale and the bidding, Jack Ruther included no amount as being in arrears on the two prior encumbrances.

After the foreclosure, Jack Ruther conveyed the property to plaintiff Rosa Lee Ruther. Also after the foreclosure, Thomas purchased and was assigned the note secured by the second deed of trust. He then began foreclosure proceedings as a result of defaults in payments due on the note. Thomas was the high bidder at the subsequent foreclosure sale on the second deed of trust; however, the Ruthers redeemed the property for the sum of $9,161.50. This amount is presently being held in the registry fund of the district court. The Ruthers brought this action against defendant seeking the return of the redemption money.

On appeal, the Ruthers contend that the trial court erred in concluding that the purchase and assignment of the note and the second deed of trust to Thomas, who had previously assumed and agreed to pay that obligation, did not amount to payment in satisfaction of that obligation. They also contend that the trial court erred in concluding that the foreclosure on the third deed of trust relieved Thomas of his personal liability with respect to the prior obligations which he had assumed and agreed to pay. Plaintiffs base their contentions on the principal-surety relationship created by an assumption and on the doctrines of estoppel and merger.

One who assumes and agrees to pay an existing encumbrance upon receiving title to real property becomes the principal and the grantor becomes a surety. *Cave v. Belisle*, 117 Colo. 180, 184 P.2d 869 (1947). Upon assumption, the prior encumbrance becomes a personal obligation, and the assuming grantee is subject to foreclosure on the property, action on the note, or both. *Smith v. Certified Realty Corp.*, 41 Colo.App. 170, 585 P.2d 293 (1978); *Burbank v. Roots*, 4 Colo.App. 197, 35 P. 275 (1894). After a foreclosure sale by the public trustee, a failure to redeem by the party foreclosed upon divests him of all interests, rights, and title to the property. *Lane v. Morris*, 77 Colo. 343, 237 P. 154 (1925).

Applying this law to the facts of this case, we see that Thomas became personally obligated on the first and second encumbrances because of his explicit assumption. The subsequent foreclosure sale on the third deed of trust for the full amount of the debt, with no deficiency being included or bid and no redemption by Thomas, served to cancel Thomas' obligation on that debt. *Plains Loan, Realty & Investment Co. v. Hood*, 76 Colo. 322, 230 P. 1008 (1924). However, the question at issue is the effect of that sale on the two prior encumbrances.

While Colorado courts have not previously considered this issue, courts in other jurisdictions have ruled on similar situations. Thus, as an example, in *Sanderson v. Turner*, 73 Okl. 105, 174 P. 763, 2 A.L.R. 347 (1918), the Oklahoma Supreme Court ruled that when an assuming grantee reconveys the property to his grantor for a value which reflects a deduction for the amount of the assumed obligation, the grantor once again becomes primarily liable. *See also Wright v. Anderson*, 62 S.D. 444, 253 N.W. 484, 95 A.L.R. 81 (1934).

Here, the pretrial order containing uncontroverted facts and stipulations and the trial court's findings of fact show that when Jack Ruther purchased the property in question at the foreclosure sale on the

706

third deed of trust, he knew of the encumbrances on the property secured by the first and second deeds of trust. Also, the value which Jack Ruther paid at the foreclosure sale on the third deed of trust reflects a deduction for the amount of the prior obligations in the same manner as was reflected in the prior sale of the property from Jack Ruther to Thomas.

In view of these facts, we rule that the foreclosure sale on the third deed of trust served to make the purchaser, Jack Ruther, principally liable for the remaining encumbrances on the property, with Thomas remaining liable only as a surety. As between Jack Ruther and Thomas, the property in question became the primary fund for the satisfaction of the remaining encumbrances, with Thomas personally liable only for any deficiency resulting from an insufficiency of the security.

■ Because part of the consideration in the foreclosure sale on the third deed of trust was a deduction for the prior encumbrances, the effect of that sale was the assumption of the obligations by Jack Ruther. As a result, the purchase of the note and second deed of trust by Thomas, whose only liability at that time was as a surety, was not a payment of the debt and did not affect his right to enforce by foreclosure of the trust deed. *Watts v. Bock*, 80 Colo. 223, 249 P. 1095 (1926).

■ Finally, the Ruthers contend that Thomas was estopped from initiating foreclosure proceedings on the second deed of trust because of his own default on the obligation prior to the initial foreclosure sale. We find no estoppel.

The doctrine of estoppel would apply only if the Ruthers suffered some detriment as the result of Thomas' default. *See Jacobs v. Perry*, 135 Colo. 550, 313 P.2d 1008 (1957). Under the circumstances of this case, no such detriment has been established. To the contrary, application of the estoppel doctrine would provide Ruther with a substantial windfall at Thomas' expense.

Judgment affirmed.

RULAND and BERMAN, JJ., concur.