John L. MOSS, Plaintiff–Appellee,

v.

Michael J. McDONALD and Betty P. McDonald, Defendants–Appellants and Cross–Appellees,

v.

UNION OIL COMPANY OF CALIFORNIA, Additional Defendant–Appellee and Cross–Appellant.

No. 87CA0854.

Colorado Court of Appeals,
Div. IV.

Oct. 13, 1988.

Rehearing Denied Nov. 17, 1988.

Certiorari Denied April 24, 1989.

Williams, Turner & Holmes, P.C., William Prakken, Grand Junction, for plaintiff-appellee.

Traylor, Arnold, Tompkins & Black, P.C., Robert S. Traylor, Grand Junction, for defendants-appellants and cross-appellees.

Ronald M. Wilson, Denver, for additional defendant-appellee and cross-appellant.

PLANK, Judge.

Defendants, Michael J. and Betty P. McDonald (McDonalds), appeal the judgment entered by the district court which released and discharged John L. Moss (Moss), Baird B. Brown (Brown), who is not a party to this appeal, and Union Oil Company (Union), from any further obligations to the McDonalds on a promissory note. Union cross-appeals the denial of their motion to continue. We affirm.

Moss and Brown executed the promissory note and deed of trust when they purchased the McDonalds' property. Ultimately, it was transferred to the Cavness Group who defaulted. The McDonalds had extended the payment period to the Cavness Group. Moss, Brown, and Union claimed that the extension released their obligation on the note.

The trial court found that the McDonalds had granted the extensions, that neither Moss, Brown, nor Union had consented to them, and that each were discharged from any obligation on the note. We agree.

### I.

■ A grantee who assumes and agrees to pay an existing encumbrance upon receiving title to real property becomes a principal and the grantor becomes a surety. *Ruther v. Thomas*, 43 Colo.App. 435, 604 P.2d 703 (1979). When Moss and Brown sold the real estate to Union and Union assumed the McDonald note, Moss and Brown became the sureties and Union the principal obligor. When Union sold to Cavness, Union became a surety and the assuming parties became the principal obligors.

■ Here, the trial court released all sureties relying on § 4-3-606(1), C.R.S., of the Uniform Commercial Code. That statute provides in pertinent part:

"The holder discharges any party to the instrument to the extent that without such party's consent the holder:
(a) Without express reservation of rights releases or agrees not to sue any person against whom the party has, to the knowledge of the holder, a right of re-

course or *agrees to suspend the right to enforce* against such person the instrument...." (emphasis added)

We concur with the trial court's analysis.

Even before the adoption of the Colorado Uniform Commercial Code, it was recognized that when a payee grants an extension of time for payment to the principal obligor without first obtaining the consent of the surety, the surety is released. *Drescher v. Fulham*, 11 Colo.App. 62, 52 P. 685 (1898).

The McDonalds, however, argue that, under § 4-3-606(2), C.R.S., the extension agreement at issue here specifically reserved the obligations of the note as to Moss and Union. We disagree. The parties to the extension agreement were the McDonalds and Cavness Group and not Moss and Union. The record clearly supports the trial court's finding that no consent was given. Without the consent of Moss and Union, their obligations under the note were properly discharged by the trial court.

### II.

■ A conflict exists between the note and the deed concerning advance written consent to extensions. The note contains a consent to extensions after maturity while the deed says that all beneficiaries can deal with subsequent owners without restrictions. The trial court found that the language of the note prevailed. We agree.

■ The language of the note is specific compared to the general language of the deed. If there is a conflict between the two, or where uncertainty or ambiguity exists, the terms of the note govern. *Landy v. Jordan*, 129 Colo. 140, 266 P.2d 1115 (1954). Furthermore, as the deed is a printed form and the note is typewritten, the note language prevails. Section 4-3-118(b), C.R.S. Therefore, prior to maturity of the note, it was necessary for the McDonalds to obtain consent of all sureties to any extensions given.

### III.

The trial court found that the note was not mature, and thus, consent was needed. However, relying upon the acceleration provision of the note, the McDonalds argue that the note was mature so consent was unnecessary. We agree with the trial court.

The acceleration provision of the note provides:

> "Any failure to pay an installment of principal or interest when due shall cause the whole note to become due and payable at once, *or the interest to be counted principal, at the option of the holders of this note....*" (emphasis added)

In the case of an acceleration provision exercisable at the option of the obligee, the obligee must perform some clear, unequivocal affirmative act evidencing his intention to take advantage of the accelerating provision. *Bauer Development Co. v. Nu–West, Inc.*, 757 P.2d 1149 (Colo.App.1988). The McDonalds do not contest this principle. They take the position that they did not need to take any action to exercise the option to accelerate because the note provides: "[I]t shall not be necessary for the holders to declare the same due, but they may proceed to collect the same as if the whole was due and payable by its terms." We disagree. Some positive action is essential, even though the amount is to become due at the option of the holder "without demand or notice." *Moresi v. Far West Services, Inc.*, 291 F.Supp. 586 (D.Hawaii 1968); *Carmichael v. Rice*, 49 N.M. 114, 158 P.2d 290 (1945).

Alternatively, the McDonalds contend that if affirmative action was required to mature the note, they took the actions needed. However, the trial court, on supporting evidence, determined that the McDonalds did not affirmatively act to accelerate the note.

Absent such action, the note was not mature, and consent was needed of Moss and Union to any extensions given to the Cavness Group by the McDonalds. Accordingly, the trial court correctly discharged any further obligation of Moss and Union on the note.

### IV.

In view of the conclusions we have reached, it is not necessary to consider Union's cross appeal.

Judgment affirmed.

BABCOCK and NEY, JJ., concur.