Joshua Rubinger, Appellant, v. George Rippey, Respondent.

Supreme Court, Appellate Term, First Department, November 1, 1951.

*Emanuel Redfield* for appellant.

*Paul M. Klein* and *Francis A. Armeny* for respondent.

Hecht, J.  Action on a check which was returned by the bank for insufficient funds.  The check of $500 was given as part payment at the time of signing a memorandum for the sale of a house.  The memorandum contemplated a more formal contract to be entered into by the parties.  The memorandum was signed, the check given to plaintiff on September 30th, a Saturday.  On the following Monday the check was returned by plaintiff's bank.  On that or the succeeding day, the defendant refused to make an appointment to sign the formal contract.  On October 12th this action was instituted to recover the $500.  On November 28th the plaintiff conveyed the property to a third person for $16,300 which was $50 more than his agreement with defendant.  This action was not tried until April 19th.

It is plaintiff's position that, regardless of the subsequent sale, he is entitled to recover the $500 because it was given as part payment of the purchase price. Defendant relies on failure of consideration and the Statute of Frauds.

It is generally true that where moneys are given as part payment of the purchase price, they may not be recovered by the purchaser if he has breached the contract (*Waldman* v. *Greenberg*, 265 App. Div. 827, affd. 289 N. Y. 769; *Misam Realty Corp.* v. *Breslau,* 81 N. Y. S. 2d 721). In *Graham* v. *Healy* (154 App. Div. 76) the plaintiff sought to set aside a sale of property and recover the down payment made on the purchase price. The court said (p. 82): "It is unnecessary to consider whether or not the auctioneer's receipt constituted a sufficient note or memorandum of the contract to sustain it, notwithstanding the objection that it was void under the Statute of Frauds. It has long been the settled law of this jurisdiction that a vendee cannot recover a payment made to apply on the purchase price of real estate under a parol contract which is void within the Statute of Frauds, unless the vendor has repudiated the contract or is unable or unwilling to perform. [Citing cases.] Here there was no tender or performance by plaintiff or demand that defendant perform. Moreover, the vendor was at the time fixed for performance ready and willing to perform, and so remained for a reasonable time."

In *Allis* v. *Read* (45 N. Y. 142, 146) the court said: "Moneys paid upon a contract invalid by the statute of frauds cannot be recovered back, provided the other party is ready and willing to perform the contract on his part. Such payments are voluntary, when made with a full knowledge of all the facts." In that case the purchaser sought to recover a down payment and claimed that the vendor had sold the property and placed himself in a position where he could not perform the contract. The court found however that the sale was made at the instigation and with the authority of the plaintiff.

In the case of *Murman* v. *Manning* (125 Misc. 830) an action was brought by the seller on a check given as part payment. The receipt given was not sufficient to satisfy the Statute of Frauds, but that was of no moment since the action was not predicated on the parol contract but on the check. The court stated (p. 831): "While the decisions are not unanimous on the point, we think the better considered cases hold that there is a good consideration for the check, as the plaintiff, the seller, has not refused to carry out the agreement, although it could not be enforced against him as there was no sufficient writing

to satisfy the statute. [Citing cases.] The plaintiff still owns the garage and wishes to sell it. He is not in default and is in a position to carry out the agreement." A similar result was reached in *Fleischman* v. *Plock* (19 Misc. 649).

It would appear therefore that absent a sufficient memorandum to satisfy the Statute of Frauds, the consideration for the promise to pay is the continued ability of the promisee to carry out his part of the agreement.

But even if the memorandum is sufficient, recovery to the vendor may be denied if he is not ready, willing and able to carry out his part of the agreement at the time of entry of judgment. Restatement on Contracts (§ 277) provides: " Where in promises for an agreed exchange a promisor commits a breach, and a right of action for the breach arises, the right of action is extinguished if it appears after the breach that there would have been a total failure to perform the return promise, even if the promisor had not justified the failure by his own breach or otherwise." The comment to this section makes it applicable to anticipatory breach situations which could be the interpretation placed on the facts at bar at the time of defendant's default. This statement of the law has been reiterated by the text writers. (3 Williston on Contracts, §§ 884, 885; 6 Corbin on Contracts, § 1256.) The New York annotations to the Restatement on Contracts states that there is little authority in New York on this point.

*Cohen* v. *A. F. A. Realty Corp.* (250 N. Y. 262) was a case somewhat similar to the one at bar. There does not appear to be any question raised as to the sufficiency of the memorandum. The plaintiff vendor sought specific performance while the defendant vendee counterclaimed for the return of his down payment. Pending appeal to the Court of Appeals the plaintiff had conveyed to a third person and asked permission to discontinue his action but at the same time sought an affirmance of a dismissal of the counterclaim. The court said (p. 263): " The plaintiff should not be permitted to convey the land and still retain the payment of the purchase price." The court rendered judgment for the defendant.

In view of these authorities the judgment should be affirmed. The judgment should be affirmed, with $25 costs.

EDER and SCHREIBER, JJ., concur.

Judgment affirmed.