No. 20986.

CIRCLE T. CORPORATION *v.* VERN C. CROCKER
(393 P.2d 744)

Decided July 13, 1964.

Mr. EDWARD S. GREENBERG, Mr. STANLEY B. BENDER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

264

Mr. Justice Sutton delivered the opinion of the Court.

This writ of error stems from a controversy over a $1,000.00 real estate commission alleged to be due plaintiff in error under a written listing contract. We shall refer to plaintiff in error as the agent and to defendant in error Crocker as the seller.

The record discloses that the agent produced a purchaser ready, willing and able to buy seller's business for $6,500.00 which sum seller agreed to accept and that the closing was to be on or before August 12, 1962. Further, that the parties met early in August concerning the purchase and that on August 11, 1962, seller advised one of the purchasers that he would not go through with the sale, mentioning that he had another purchaser who would pay more money. It appears that later on that same day seller told the agent that he had changed his mind and refused to sell the business. At the close of the agent's case the court granted an oral motion to dismiss.

The trial court's findings were to the effect that there had been no meeting of the minds between buyer and seller because they were supposed to close on the 12th whereas they had met on the 11th and no one was ready or able to close on the 12th.

█ The claimed repudiation by the seller of his contract of sale on August 11th, as shown by the agent's evidence, obviated the need for any tender by the buyers or an offer to perform on their part on August 12th, the last day allowed. *Gerbaz v. Hulsey*, 132 Colo. 359, 288 P.2d 357 (1955); and see C.R.S. '53, 117-2-1.

█ The contract provided that the sale could be closed on or before the 12th and the evidence shows that when the purchasers had been produced, as required, the seller, after first agreeing to sell, then refused to do so. This made a prima facie case for the plaintiff-agent which was not subject to the motion to dismiss.

In any event the question of whether the sale was completed is immaterial to this agent's right to recover for all he had to do was produce a willing and able buyer as agreed, to be entitled to his commission. See: *City of Pueblo v. Leach Realty Co.*, 149 Colo. 92, 368 P.2d 195 (1962).

The judgment is reversed and the cause remanded for new trial.

MR. CHIEF JUSTICE MCWILLIAMS does not participate.