580 P.2d 1273 (1978)
Loyd JORDAN, dba Jordan's Backhoe Service, Plaintiff,
v.
LONE PINES, LTD., an Oklahoma Corporation, doing business in Colorado as Lone Pines, Ltd. of Oklahoma, Pre-Fabrication, Inc., an Oklahoma Corporation, qualified to do business in Colorado, Defendants,
B-A Mortgage Company of Denver, Inc., a Colorado Corporation, Defendant-Appellee,
Taylor Building Products of Denver, Incorporated, Intervenor-Appellant.
No. 77-379.
Colorado Court of Appeals, Div. II.
June 22, 1978.
Grant, McHendrie, Haines & Crouse, P. C., Peter J. Crouse, James E. Brown, Denver, for defendant-appellee.
Thomas & Esperti, P. C., Don R. Teasley, Denver, for intervenor-appellant.
VanCISE, Judge.
Taylor Building Products of Denver, Incorporated (Taylor), appeals from a judgment *1274 dismissing its crossclaim for unjust enrichment against B-A Mortgage Company of Denver, Inc. (the mortgage lender). We affirm.
This matter was tried to the court on stipulated facts and exhibits. It was stipulated that in January 1974, Lone Pines, Ltd. (the owner), owned a tract of land in Estes Park on which it sought to erect a motel. The mortgage lender made a construction loan to the owner, secured by a deed of trust on the property. All of the loan proceeds, $2,100,000, were disbursed for the construction of the motel.
Taylor's claim was for the $5,797 agreed value of doors delivered to and incorporated into the project. At the time, the general contractor (at whose request the doors were furnished) and the owner knew these doors were being incorporated into the motel and knew that Taylor expected payment for them. Not being paid, Taylor filed a mechanic's lien statement, but this was done too late to be in compliance with § 38-22-109(5), C.R.S.1973.
Subsequently, the construction loan went into default and at the conclusion of foreclosure proceedings initiated by the mortgage lender, it purchased the property at sheriff's sale for $2,211,638.65.
At the time the mortgage lender purchased the property, it knew that various mechanics' liens had been filed against the property and that a suit had been filed to foreclose some of these liens, including that of Taylor for the doors. However, the lender understood that Taylor's lien statement was not timely.
There was no dispute that, because of its late filing, Taylor did not have a valid mechanic's lien against the property. In November 1975, subsequent to the foreclosure sale, Taylor amended its pleadings to include, for the first time, a crossclaim of unjust enrichment against the owner and against the mortgage lender.
On these facts, the trial court entered a judgment for unjust enrichment in the amount of the value of the doors plus interest against the owner, but dismissed the crossclaim against the mortgage lender. The owner did not appeal, so the propriety of the judgment against it is not an issue here.
On appeal, Taylor contends that it was also entitled to a personal judgment against the mortgage lender, based on the claim that it, as the purchaser at the foreclosure sale, accepted the property with knowledge that the doors had not been paid for. We do not agree.
A purchaser at a foreclosure sale takes the property subject only to valid liens and these liens are enforceable only against the property and are not personal obligations. Brannan Sand & Gravel Co. v. Santa Fe Land & Improvement Co., 138 Colo. 314, 332 P.2d 892 (1958). If a lien is invalid, a claimant entitled thereto may proceed in a personal action as in an action on contract, § 38-22-117, C.R.S.1973, and it is not prevented from enforcing any other remedy which it otherwise would have had. See Hayutin v. Gibbons, 139 Colo. 262, 338 P.2d 1032 (1959); § 38-22-124, C.R.S.1973. However, as in any other action, the claimant must establish that it is entitled to the relief sought.
To recover for unjust enrichment, Taylor had the burden of proving (1) that it conferred a benefit, (2) that the benefit was appreciated, and (3) that the benefit was accepted under circumstances such that it would be inequitable for it to be retained without payment of its reasonable value. Dass v. Epplen, 162 Colo. 60, 424 P.2d 779 (1967). Taylor failed to prove its case.
The property was benefited by the incorporation of the doors, and the lender could perhaps be said to have benefited by receiving this part of the loan security for which it had paid. See Restatement of Restitution § 1, Comment b. Also, it knew the doors had been put in. However, there is nothing to show that retention of that benefit was unjust or that restitution is required. See Restatement of Restitution § 1, Comment c. In consideration of its lending $2,100,000 to the owner, the lender was to have a first security interest in the *1275 finished motel, which included the doors. It paid in full for that security interest. It paid in excess of that amount when it purchased the property at the foreclosure sale. There is no injustice in holding that the lender, who has paid once, need not pay a second time. Taylor could have protected itself if it had exercised its lien rights against the property.
Judgment affirmed.
ENOCH, J., concurs.
BERMAN, J., specially concurs.
BERMAN, Judge, specially concurring:
I concur only in the result arrived at by the majority.
The purpose of the Colorado mechanics' lien statutes, § 38-22-101, et seq., C.R.S.1973,
"is to permit a lien upon premises where benefit has been received by the owner and where the value of condition of the property has been increased or improved by reason of furnishing of labor and materials. To a large extent the underlying rationale and principle upon which the mechanic's lien is conferred by statute is to preclude unjust enrichment." Kobayashi v. Meehleis Steel Co., 28 Colo.App. 327, 472 P.2d 724 (1970) (emphasis added)
In my view, when the General Assembly provided by § 38-22-124, C.R.S.1973, that the statutory lien is not an exclusive remedy, it only acknowledged that, in addition to invoking the statutory mechanism to preclude unjust enrichment, a party may institute a direct action for a money judgment for the breach of an obligation to pay for labor or materials rendered. See Hayutin v. Gibbons, 139 Colo. 262, 338 P.2d 1032 (1959).
I perceive no justification for permitting a claim for relief premised on unjust enrichment to be asserted against a subsequent purchaser of the improved property when the complaining party has failed to avail himself of the mechanism of the mechanics' lien statutes and indeed, I believe that allowing such a claim would be fundamentally inconsistent with the present statutory scheme and the intent of the General Assembly.
Accordingly, although I am in agreement that Taylor's claims against the lender were properly dismissed, I cannot subscribe to the majority's addressing the merits of the contention that the lender was unjustly enriched.