YALE DEVELOPMENT COMPANY, Plaintiff-Appellant and Cross-Appellee, *v.* AURORA PIZZA HUT, INC., Defendant-Appellee and Cross-Appellant.

Second District    No. 79-583

Opinion filed May 1, 1981.

Gary L. Taylor, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Morton Siegel and Michael A. Moses, both of Chicago, for appellee.

Mr. JUSTICE REINHARD delivered the opinion of the court:

This case involves an appeal and cross-appeal from a judgment against defendant, Aurora Pizza Hut, Inc., finding it breached a written contract but limiting plaintiff's recovery to $1,000 under the terms of a liquidated damage clause. The sole contention of plaintiff, Yale Development Co., on appeal is that the liquidated damages clause should not be enforced and that it should be able to recover compensatory damages in excess of the amount stipulated. Defendant, in its cross-appeal, argues that its termination of the contract did not constitute an anticipatory breach and, in the alternative, that if such action did amount to a breach, the plaintiff is not entitled to recover because of its subsequent inability to perform under the terms of the contract.

The parties executed a contract on September 19, 1975, in which defendant agreed to pay $90,000 in exchange for property located at Route 53 and Butterfield Road in unincorporated Du Page County. The sale was specifically made contingent upon plaintiff being able to obtain a zoning change and liquor license which would allow the construction and

operation of a Pizza Hut restaurant. Although time was made of the essence, no specific time was mentioned in the contract.

Plaintiff filed an application for rezoning with the Du Page County Zoning Board of Appeals on December 14, 1975. After a public hearing, the Zoning Board of Appeals recommended denial of plaintiff's petition, and on February 23, 1976, the County Board of Du Page County concurred in the denial. Plaintiff then filed a complaint in the circuit court seeking a declaratory judgment that the existing zoning was void and that the intended use of the premises be permitted. A bench trial was conducted on October 7, 1976, and the case was taken under advisement on January 5, 1977, after trial briefs were submitted. On February 24, 1977, before the court issued a decision, defendant sent plaintiff a letter purporting to terminate the contract "inasmuch as the city [*sic*] has denied our right to rezone the property." Subsequently, the court denied rezoning of the property of which the court below took judicial notice in its written reasons for decision. Plaintiff then filed the present action alleging that defendant was in breach for repudiating the contract prior to the time performance was due. The trial court held for the plaintiff but entered an order limiting plaintiff's recovery to $1,000 under the terms of the liquidated clause. This appeal and cross-appeal followed, and we reverse on the basis of the defendant's cross-appeal. We find the second issue raised by defendant's cross-appeal to be dispositive of the case at bar but turn first to the question of breach.

Defendant's first contention on cross-appeal is that its good-faith termination of the contract did not constitute an anticipatory breach under these facts and circumstances since plaintiff was unable to obtain the rezoning of the subject property within a reasonable period of time. We disagree. Defendant's notice of termination came at a time when the plaintiff had an action for declaratory relief to rezone the property pending before the circuit court. Defendant reasons that the rezoning had not been accomplished in the 17-month period between the time of execution and the notice of termination and that there was no reason to believe the pending action would be successful when proceedings before the Zoning Board of Appeals and the County Board were not.

■■ Although the contract did not specify the time for performance, the law will imply a reasonable time. (*Werling v. Grosse* (1979), 76 Ill. App. 3d 834, 842, 395 N.E.2d 629; *Yoder v. Rock Island Bank* (1977), 47 Ill. App. 3d 486, 490-91, 362 N.E.2d 68.) The intention of the parties controls what time is reasonable, and the court must look to the surrounding circumstances to discover the intention of the parties. (*Adkisson v. Ozment* (1977), 55 Ill. App. 3d 108, 112, 370 N.E.2d 594.) A reasonable time for performance is such time as is necessary to do conveniently what the contract requires. (*Blakely Printing Co. v. Fort Dearborn Mercantile Co.*

(1944), 321 Ill. App. 298, 53 N.E.2d 55.) Under the facts and circumstances of the present case we do not view a 17-month period as being unreasonable when the necessity of rezoning was contemplated by both parties. The record also indicates that the parties had had previous similar dealings which required rezoning actions and that two of such dealings required periods in excess of two years to be resolved. In light of these previous contracts and the period of time typically involved in obtaining a rezoning, we cannot say that a 17-month period was manifestly unreasonable and not within the intention of the parties. The trial court, therefore, correctly viewed the February 24 letter as an anticipatory breach.

■■ Under the law of anticipatory repudiation, when one party to a contract repudiates his obligations before the time performance is due, the other party may elect to treat the repudiation as a breach and sue immediately for damages. (*Builder's Concrete Co. v. Faubel & Sons, Inc.* (1978), 58 Ill. App. 3d 100, 104, 373 N.E.2d 863.) This leads us to defendant's second contention and the one we find dispositive of the case at bar. Defendant contends that, assuming the letter of February 24 is regarded as an anticipatory breach, the plaintiff cannot maintain an action on the contract due to his subsequent inability to fulfill the condition precedent of obtaining the rezoning. We agree. Although it was not necessary for plaintiff to actually tender performance since an anticipatory breach excuses the nonrepudiating party from further performance (*Stonecipher v. Pillatsch* (1975), 30 Ill. App. 3d 140, 143, 332 N.E.2d 151), we hold that a plaintiff suing on an anticipatory breach must still show a willingness and ability to perform had not the breach occurred. While it appears that no Illinois court has yet had the opportunity to consider this precise question, Illinois courts have consistently held that where both parties to a contract are in default, there can be no recovery by either against the other. (*Chicago Washed Coal Co. v. Whitsett* (1917), 278 Ill. 623, 627, 116 N.E. 115.) It has also been held that where one party has put it beyond his power to perform, although no demand or tender is necessary to allow the other to recover for breach, the plaintiff must show that he was ready and willing to perform the contract on his part. (*White v. Thomas* (1866), 39 Ill. 228.) Similarly, in *Nation Oil Co. v. R. C. Davoust Co.* (1964), 51 Ill. App. 2d 225, 238, 201 N.E.2d 260, the court held that a party seeking to recover for breach of contract must show that he has performed or offered to perform his own obligation under the contract or that such performance was excused. Although none of these cases involve anticipatory breach, we consider their basic principles to be applicable to the case at bar.

■■ As these cases demonstrate, if plaintiff had elected to wait until the time for defendant's performance to sue, instead of bringing suit immediately on the anticipatory breach, it would have been required to show a

tender or offer of performance on its part, or that its performance was excused. Due to plaintiff's inability to procure a rezoning, it could not have tendered its performance and thus could not have maintained an action for breach at the time when defendant's performance was due. It would be anomalous to allow plaintiff to put itself in a better position by suing immediately on an anticipatory breach and thus avoid the necessity of proving its tender of performance. We therefore hold that where a plaintiff sues on an anticipatory breach prior to the time when defendant's performance is due, he must show an ability and willingness to perform his part of the contract within the time specified in the contract.

Indeed, this seems to be the law in those jurisdictions which have considered the question. For example, in *Ufitec, S. A. v. Trade Bank & Trust Co.* (1964), 21 App. Div. 2d 187, 249 N.Y.S.2d 557, the question before the court was whether a holder of a draft drawn against a letter of credit issued by the defendant bank could sue the bank for an anticipatory repudiation due to the bank's act of revoking the letter of credit before it had expired. The court concluded that since the holder never complied with the letter of credit, nor had it shown that it could ever comply during the term of the letter of credit, it could not maintain an action for anticipatory breach. The court stated, "an anticipatory breach, in a proper case, may excuse one for performing a useless act, but it does not excuse one from the obligation of proving readiness, willingness, and ability to have performed the conditions precedent." 21 App. Div. 2d 187, 190, 249 N.Y.S.2d 557, 560. See also *Jones v. Fuller-Garvey Corp.* (Alas. 1963), 386 P.2d 838; *Fratelli Pantanella S. A. v. International Commercial Corp.* (Sup. Ct. 1949), 89 N.Y.S.2d 736; *McDorman v. Moody* (1942), 50 Cal. App. 2d 136, 122 P.2d 639.

The problem is also discussed in the third edition of Williston's Treatise on Contracts:

> "The difficulty is not peculiar to cases of supervening illegality, but is involved in every other case where, after an anticipatory breach, supervening impossibility occurs which would in any event prevent and excuse performance of the contract.
>
> The situation differs, also, in only a slight particular, hereafter referred to, from one where it appears after the anticipatory breach that, although there was no legal excuse, the return performance could not or would not have been rendered to the repudiator.
>
> In each of these cases, if all the facts could have been known or foreseen at the time of the repudiation, no cause of action on the contract would have arisen.
>
> It is a practical disadvantage of the doctrine of anticipatory breach that an action may be brought and perhaps judgment

obtained before the facts occur which prove that there should have been no recovery. Fortunately, in most cases, this evidence, though not available at the time of the repudiation, becomes available before judgment can be obtained.

It seems clear that if the evidence thus becomes available the plaintiff can recover no substantial damages, and in the case of supervening illegality which is not due to the defendant's fault, there seems no reason to allow even nominal damages.

The loss should rest where chance has placed it; and the same should be true in case of any supervening excusable impossibility. Still more clearly, there should be this result if the facts show that the plaintiff could not or would not have performed for reasons which would not be a legal excuse.

The fact that a right of action has already arisen should not preclude the defense. Failure of consideration after a cause of action has arisen bars recovery." 15 Williston, Contracts §1759, at 192-93 (3d ed. 1972).

Similarly, comment *a* of section 277 of the Restatement of Contracts makes the following rule applicable to anticipatory breach:

"Where in promises for an agreed exchange a promisor commits a breach, and a right of action for the breach arises, the right of action is extinguished if it appears after the breach that there would have been a total failure to perform the return promise, even if the promisor had not justified the failure by his own breach or otherwise." Restatement of Contracts §277 (1932).

■■ Since the plaintiff has failed to obtain rezoning of the subject parcel it cannot demonstrate an ability to perform and, hence, is not entitled to recovery under the contract. The judgment of the trial court is accordingly reversed.

Reversed.

SEIDENFELD, P. J., and NASH, J., concur.