**Rol WELLMAN and Nancy Wellman, Plaintiffs-Appellants,**

**v.**

**The TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Alva May Dunbar, Public Trustee of Gunnison County, Colorado, Thomas E. Blunt, Public Trustee of Saguache County, Colorado, United Bank of Delta, and Western Farm Management Company of Colorado, Defendants-Appellees and Cross-Appellants.**

**No. 83CA0184.**

Colorado Court of Appeals, Div. I.

May 3, 1984.

As Modified on Denial of Rehearing June 7, 1984.

Certiorari Granted Nov. 5, 1984.

Goluba & Goluba, Nicholas W. Goluba, Glenwood Springs, for plaintiffs-appellants.

Walton & Robinson, P.C., Ron J. Robinson, Colorado Springs, for defendants-appellees and cross-appellants.

TURSI, Judge.

Rol and Nancy Wellman brought this action in the trial court attacking the validity of certain public sales conducted in connection with the foreclosure of a deed of trust. The trial court granted summary judgment in favor of The Travelers Insurance Company, the beneficiary of the deed of trust. The Wellmans appeal, and we affirm in part and reverse in part.

In November 1980, the Wellmans executed a promissory note in favor of Travelers. The note was secured by a deed of trust covering a 1400-acre ranch the Wellmans owned. Of the 1400 acres, 200 acres were located in Gunnison County, and 1200 acres were located in Saguache County. The deed of trust separately described the property located in each county and conveyed each parcel to the appropriate public trustee. Duplicate originals of the deed of trust were prepared in order to permit filing in each county.

As a result of a default in payment of the note, Travelers filed a "Notice of Election and Demand" in each county, and surrendered the note to the public trustees. Public sales in Gunnison and Saguache Counties were scheduled for January 25, 1982, and January 26, 1982, respectively. Travelers was the sole bidder at each sale.

At the January 25, 1982, sale of the Gunnison County property, Travelers bid an amount equal to the total remaining indebtedness on the note plus costs incurred in the foreclosure sale. The Gunnison County public trustee accepted the bid and issued Travelers a certificate of purchase for the 200-acre parcel. At the sale of the Saguache County property on the

following day, Travelers again bid the full amount of the indebtedness as claimed on the previously surrendered note, plus costs. The public trustee of Saguache County accepted Travelers' bid and executed and delivered to it a certificate of purchase for the 1200-acre parcel. Travelers filed a separate return of sale and request for an order approving sale for each of the parcels.

The Wellmans brought this action in the trial court challenging the validity of the sales on the ground that the procedure employed was improper. The Wellmans contended that the sale of the Saguache County property was improper because Travelers had previously surrendered the note and had bid the entire indebtedness at the Gunnison County sale, or in the alternative, that both sales were improper. They contend that a judicial foreclosure was required because the deed of trust encompassed property located in two counties. Travelers defended on the ground that the respective public trustees conducted a coordinated sale of the two parcels, and that each bid was intended to represent the amount it would pay for the entire 1400 acres.

In ruling upon cross-motions for summary judgment, the trial court concluded that although the property was sold in separate parcels, the sales were conducted in a coordinated fashion, and that Travelers intended a single bid for both parcels, consisting of the unpaid balance of the note plus interest, and the costs of the sales of both parcels. In concluding that the sales were conducted in a coordinated fashion, the trial court relied on the redemption clause in the respective certificates of purchase, which referred to both the Gunnison and Saguache County properties. On this appeal, the Wellmans renew their contentions in the trial court.

### I

■ The deed of trust authorized the sale of the 1400-acre ranch either in bulk or in separate parcels. Travelers instituted two separate C.R.C.P. 120 proceedings, and

obtained in each an order authorizing each public trustee to conduct a public sale of the parcel located within that trustee's respective county. *See Loveland v. Clark,* 11 Colo. 265, 18 P. 544 (1888). Each public trustee advertised for sale only the parcel of land located within that trustee's respective county. Each advertisement was placed in a newspaper circulated within the county where that separate parcel was located. Neither the Gunnison nor Saguache County notices made reference to the fact that a working ranch was being sold in two parcels located in separate counties.

At each of the actual sales, each public trustee offered only the land which was located within that trustee's county. The Gunnison County public trustee testified that when the Gunnison County property was sold, she believed that Travelers' bid of the indebtedness applied to that parcel only, and that Travelers' bid made no reference to the Saguache County property. After the sales, Travelers obtained separate orders approving each respective sale.

The trial court's reliance on the redemption clause in the respective certificates of purchase is misplaced, as each of the certificates of purchase was prepared and executed following the consummation of the respective sales. The trial court also relied on the existence of correspondence between Travelers and the public trustees prior to the sales. This reliance again is misplaced, as the record establishes that the public was not advised that a coordinated sale was being conducted, or that a bid at one sale would have any application to the other.

■ Since the respective public trustees advertised and conducted separate sales, and advertisements in the respective counties concerned only the land located within the county, we conclude that each of the public trustees conducted a separate sale of the property located within that trustee's respective jurisdiction. Thus, when Travelers surrendered the note and subsequently bid the total indebtedness at the sale of the Gunnison County property, the Wellman debt was satisfied. *See Good Fund, Ltd.*

**1154**

*v. Church,* 40 Colo.App. 403, 579 P.2d 1174 (1978). Satisfaction of a note, precludes a public sale under the deed of trust. *Coler v. Barth,* 24 Colo. 31, 48 P. 656 (1897). Thus, at the time of the Saguache County sale, the power of sale clause in the deed of trust was no longer operative. The sale by the public trustee of the Saguache County property, therefore, is void.

## II

■ Finally, the Wellmans contend that the trial court was without jurisdiction to condition the continuation of their notice of *lis pendens* pending appeal on the posting of a supersedeas bond. We disagree.

In its "Order Clarifying Previous Orders," the trial court ruled that unless the Wellmans posted a $160,000 supersedeas bond within 30 days, their *lis pendens* would be released. We conclude that this was a proper exercise of the trial court's authority pursuant to C.R.C.P. 105(f)(4). *See Oman v. Morris,* 28 Colo.App. 124, 471 P.2d 430 (1970). Thus, the Wellmans' *lis pendens* was properly released when they failed to post the required bond.

Because there has been no redemption, the Wellmans' contention regarding reduction in Travelers' bid on the Gunnison County property because of an overstatement in attorney fees is moot.

The trial court's granting of summary judgment in favor of Travelers is affirmed in part and reversed in part and the cause is remanded with directions. The trial court is directed to confirm the Gunnison County sale, to void the Saguache County sale, and for entry of judgment accordingly.

PIERCE and SMITH, JJ., concur.