**DAYBREAK CONSTRUCTION SPECIALTIES, INC., a Colorado corporation, Plaintiff-Appellee and Cross-Appellant,**

**Lunsford Brothers Mechanical Contractors, Inc., a Colorado corporation; Norm Gould & Sons Construction, Inc., a Colorado corporation; Peter Goldstein d/b/a Rocky Mountain Wall and Ceiling Doctor; John R. Crump d/b/a Valley Paint and Decorating; and Patrick I. McGehee d/b/a Valley Roofing, Plaintiffs-Appellees,**

**v.**

**Ebrahim SAGHATOLESLAMI; Sirous Saghatoleslami; Aspen-Glenwood Associates, Defendants and Third-party Plaintiffs-Appellants and Cross-Appellees,**

**SUN SAVINGS & LOAN ASSOCIATION, a Colorado corporation; Louis Koutsoubos, Defendants and Third-party Plaintiffs-Appellees and Cross-Appellants,**

**v.**

**Martine BOONE; Gourmet Junk Foods, Inc., a Corporation; Madeleine Larson; Bonnie S. Miller; and Uldis Praulins, Third-party Defendants-Appellees,**

**and**

**Janice Rustia, Intervenor-Appellee.**

**and**

**Pitkin County Real Estate Management Corporation Intervenor-Cross-claimant.**

No. 82CA0809.

Colorado Court of Appeals,
Div. III.

May 30, 1985.

Rehearings Denied July 18, 1985.

Certiorari Denied Jan. 27, 1986.

Blockwick, Garn & Neiley, Craig N. Blockwick, Eugene M. Alder, Aspen, for defendants and third-party plaintiffs-appellants and cross-appellees Ebrahim and Sirous Saghatoleslami.

Calkins, Kramer, Grimshaw & Harring, T. Edward Icenogle, Pamela A. Gibson-Mull, Charles B. Hecht, Denver, for defendant and third-party plaintiff-appellee and cross-appellant Sun Savings and Loan Association.

Clark, Wright & Schumacher, Gary A. Wright, Aspen, for third-party defendants-appellees Boone, Larson, Miller and Praulins Intervenor Cross-Appellant Pitkin County Real Estate and Management Corporation.

Goluba & Goluba, David A. Goluba, Glenwood Springs, for plaintiff-appellee and cross-appellant Daybreak Construction Specialties, Inc., and Plaintiff-Appellee, Norman Gould & Sons Construction, Inc.

METZGER, Judge.

Defendants, Ebrahim Saghatoleslami and Sirous Saghatoleslami, d/b/a Aspen-Glenwood Associates, (developer) appeal from judgments of the trial court for breach of contract in favor of third-party defendants Martine Boone, Gourmet Junk Foods, Inc., Madeline Larson, Bonnie S. Miller, and Uldis Praulins and intervenor Janice Rustia (contract purchasers). The developer also appeals the trial court's denial of its claims against defendant Sun Savings and Loan Association (Sun). Sun cross-appeals denial of its claims against the developer. Pitkin County Real Estate and Management Company (broker) cross-appeals the denial of its claim for commissions from the developer. We reverse the trial court's ruling

that the contract purchasers were entitled to damages for lost profits, and we affirm the judgment in all other respects.

In August 1979, the developer initiated a project to build the Red Cliff Condominiums in Glenwood Springs, Colorado. Sun provided construction financing which required that ten of the units be pre-sold and the earnest money deposited with it. In late August 1979, the developer entered into a contingent contract for the sale of the proposed units to the contract purchasers. The construction loan closed on August 31, 1979, with the developer's execution of the construction loan agreement, note, and deed of trust.

Construction commenced and proceeded normally through May 1980. The earnest money held by the developer was invested in the project. In May 1980 Sun refused to authorize further draws on the construction loan, asserting that the developer had failed to deposit the required earnest money with it, that basements were added to the structures which were not provided for in the project plan, that mechanics' liens had been recorded against the project, and that cost overruns were inevitable. Although the developer disputed some of these contentions, it did not dispute the fact that completion costs would exceed original estimates.

Subsequently Sun and the developer entered into a series of negotiations for additional funds, but these negotiations proved to be unsuccessful. Construction ceased and litigation was initiated in the fall of 1981. Sun instituted foreclosure proceedings and, at the public trustee's sale, bid the full amount of indebtedness, without reserving a deficiency. The developer did not redeem and the property passed to Sun.

At trial, a number of different claims were asserted by various parties. Unpaid mechanics' lien claims were asserted against Sun as owner of the project and against the developer on the underlying contracts; Sun asserted a claim against the developer for amounts paid to satisfy the mechanics' liens; the developer asserted a claim against Sun for indemnification or contribution toward any liability to the contract purchasers; the contract purchasers asserted claims against the developer for damages and for return of their earnest money; the broker asserted a claim for commissions due on the purchase contracts; and the developer asserted a claim against Sun for indemnification.

Sun's claims were denied as having been merged into its bid at foreclosure. The trial court held that the developer had breached its obligations to Sun and its claims against Sun were denied. The contract purchasers were awarded return of their earnest money and damages against the developer. The broker's commission claim was denied.

I.

While the developer concedes that the contract purchasers were entitled to return of their earnest money, it contends that inasmuch as the contract purchasers failed to tender performance or to show an ability to perform, the trial court erred in awarding them damages. We agree.

It is undisputed that the contract was bilateral and contained mutual promises. Each party was under a legal duty to the other; each had made a promise and each was an obligor. *See Howlett v. Greenberg,* 34 Colo.App. 356, 530 P.2d 1285 (1974). When the obligations of a contract for sale and purchase of land are mutual and concurrent, so long as one party makes no tender of deed and the other no offer of payment, neither is in default. *Kepler v. Burns,* 137 Colo. 329, 324 P.2d 785 (1958).

A party's duty to pay damages for non-performance of a contract is discharged if it appears after the breach that there would have been a total failure by the injured party to perform his return promise. Restatement (Second) of Contracts § 244 (1981). *See Rubinger v. Rippey,* 201 Misc. 135, 110 N.Y.S.2d 5 (1951). Thus, where both parties to a contract are in default, there can be no recovery by either against the other. *Yale Development Co. v. Aurora Pizza Hut, Inc.,* 95

Ill.App.3d 523, 51 Ill.Dec. 409, 420 N.E.2d 823 (1981).

Accordingly, the contract purchasers may not recover for an alleged breach of contract unless they can establish by a preponderance of the evidence that, except for its breach, the developer would have received "substantially what it bargained for." *Hodes v. Hoffman International Corp.*, 280 F.Supp. 252 (S.D.N.Y.1968).

The trial court concluded that the developer was in default, that it had breached the contract, that it had failed to take the necessary steps to close in accordance with the contract terms in a reasonable time, and therefore, that the contract purchasers were entitled to damages in the amount of the difference between the market price and the contract price, plus the return of their earnest money and other fees paid.

But, undisputed evidence showed that, although a clause in each sales contract stated that the agreement was expressly contingent upon the purchaser obtaining financing within 30 days from the date of execution of the agreement, none of the contract purchasers obtained such a commitment even though the construction difficulties did not occur until several months later. The undisputed evidence also established that none of the purchasers were ready, willing, and able to perform their obligations at any time. None had sufficient funds necessary to close, none had entered into binding loan commitments or contracts for other financing, nor did they have sources of funds from which they could pay the amounts necessary to close.

■ Since each party's duty to render performance was conditioned on the other party's performance or readiness to perform, the developer's duty to pay damages was discharged by the failure of performance by the contract purchasers. *See United States v. Penn Foundry & Manufacturing Co.*, 337 U.S. 198, 69 S.Ct. 1009, 93 L.Ed. 1308 (1949). Consequently, the trial court erred in awarding the purchasers damages on the contract.

## II.

The broker entered into an "open listing contract" with the developer to pre-sell the condominium units. It contends that the trial court erred when it found that the broker had not met its burden in proving that it had procured "ready, willing, and able" purchasers. The broker asserts that, since the contract purchasers paid a down payment directly to the seller, and since there was a listing agreement along with unit purchase contracts, the purchasers were ready, willing, and able, and thus, it is entitled to its commission. We disagree.

■ In the absence of a completed sale, a broker is entitled to a commission only if he has procured a purchaser who is ready, willing, and able to consummate the sale on the terms and conditions prescribed by the seller, and the broker must prove that he has presented such a purchaser to the seller. *Becker v. Arnold*, 42 Colo.App. 178, 591 P.2d 596 (1979). To be considered an "able" purchaser, an offeror must be shown to have had the financial ability to complete the purchase within the time permitted by the offer. *McGill Corp. v. Werner*, 631 P.2d 1178 (Colo.App.1981).

Here, the broker offered no evidence to show that the contract purchasers were ready, willing, and able to purchase. Although the purchase contracts were entered into through the efforts of the broker, the record shows that the purchasers had insufficient personal funds to close, and that no binding loan commitments had been entered into.

■ Accordingly, the trial court properly found that the broker was not entitled to recover any commission, and its findings will not be disturbed on review. *Becker v. Arnold, supra.*

## III.

During the course of construction on the condominiums, the developer contracted with Daybreak Construction Specialties, Inc., Lunsford Brothers Mechanical Contractors, Inc., Norm Gould & Sons Construction, Inc., Peter Goldstein, John R.

Crump, and Patrick McGehee, (collectively, the six plaintiffs) and General Electric Corporation (General Electric), Boise Cascade Corporation (Boise) and Eldorado Engineering (Eldorado) for services, labor, and materials which were in part unpaid. All but Eldorado, recorded statements of effective mechanics' liens against the project, and prior to trial the six plaintiffs obtained an injunction against Sun's public trustee foreclosure. In order to be free of this injunction, Sun posted bonds with the trial court.

At the foreclosure sale, Sun bid the developer's full indebtedness without making provision for payment of the mechanics' liens. Later, Sun paid the amounts of the liens of General Electric and Boise in exchange for releases and assignments from them. Sun also purchased an assignment of Eldorado's *in personam* claim against the developer, and asserted these claims against the developer in the litigation. The mechanics' lien claims of the six plaintiffs were not paid prior to trial.

At trial, the unpaid mechanics' lien claims of the six plaintiffs were asserted against Sun as owner of the project, and against the developer on the underlying contracts. Sun asserted a claim against the developer based upon the assignments it had obtained from General Electric, Boise, and Eldorado. Sun also asserted a claim against the developer for any amounts for which it might be liable to the six plaintiffs on their mechanics' lien claims.

The trial court initially awarded judgment in favor of the six plaintiffs and against Sun and the contractor, jointly and severally. However, the court later concluded that the note and deed of trust were merged into Sun's foreclosure bid since the bid reserved no deficiency and that, therefore, further remedy against the developer was precluded. The trial court's denial of Sun's claims against the developer included the assigned *in personam* contract claims of General Electric, Boise, and Eldorado, as well as the mechanics' lien claims.

Sun now contends that, while the foreclosure extinguished the note and deed of trust, the terms and conditions of the construction loan agreement were not extinguished, and therefore, it is entitled to judgment against the developer for breach of contract, subrogation, indemnification, and contribution. We disagree.

 Where the mortgagee purchases property at a valid foreclosure sale for the full amount due under the mortgage, the mortgage debt is extinguished. *Wellman v. Travelers Insurance Co.*, 689 P.2d 1151 (Colo.App.1984). A purchaser at a foreclosure sale takes subject only to valid liens and these liens are enforceable only against the property and are not personal obligations. *Jordan v. Lone Pines, Ltd.*, 41 Colo.App. 152, 580 P.2d 1273 (1978).

 Foreclosure of construction loan mortgage will usually eliminate a mechanic's lien. G. Osborne, *Real Estate Finance Law* § 12.6 at 751 (1979). However, if a mortgagee posts a bond as indemnification against mechanics' liens, and the mortgagee purchases the property at foreclosure, the extinguishment of the mortgage debt by the sale does not release the mortgagee from liability on the bond. *Ruther v. Thomas*, 43 Colo.App. 435, 604 P.2d 703 (1979); *see* § 38–38–107, C.R.S. (1982 Repl. Vol. 16A).

 Sun had full knowledge of the mechanics' liens and concedes it was protecting its own interest in the property by paying off the liens. Its bid at the foreclosure sale allowed it to reacquire title to the mortgaged property. However, Sun did not pay off the mechanics' liens until after it acquired title. Sun may not now recover payments it made to relieve its property from a lien subject to which it took title. Thus, the trial court correctly concluded that all of Sun's rights and obligations against the developer merged into its bid, thus rendering Sun principally liable for all prior encumbrances.

## IV.

The developer also contends that Sun committed the first material breach by refusing to disburse additional loan money.

The developer asserts that none of the three identified defaults provided justification for Sun's actions in foreclosing on the loan. We disagree.

The trial court found that the developer breached its construction loan agreement with Sun by failing to deposit sums sufficient to cover cost overruns, by failing to complete construction of the project within the twelve months required by the loan agreement, and by allowing mechanics' liens to be filed against the property which were superior to Sun's deed of trust.

■■ Since there is ample evidence in the record to support such a finding, it will not be disturbed on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### V.

Finally, the developer claims that it is entitled to contribution from Sun on the contract purchasers' claims for return of their earnest money. We disagree.

■■ Contribution is an equitable remedy designed to apportion the loss between two or more persons liable for harm caused to a third party. *Radford-Shelton Associates Dental Laboratory, Inc. v. Saint Francis Hospital, Inc.*, 569 P.2d 506 (Okl.App.1976). The right to contribution is the right of one who has discharged a *common liability* to recover from another who is also liable. When an action has been brought concerning rights to property, the judgment determines the extent of the property interests of each person whose claims are within the scope of the adjudication and who is a party to the litigation. Restatement (Second) of Judgmenta § 43 comment a (1982). However, the right to contribution from one who has paid more than his just share does not obtain in the absence of common or joint liability. *Cipra v. Seeger*, 215 Kan. 951, 529 P.2d 130 (1974).

■■ The trial court found that Sun had no liability to the contract purchasers for any sums, including the $45,000 of earnest money deposited, since their claims were never pleaded nor tried against Sun.

There was no evidence which might support a judgment of joint and several liability, and thus, the trial court correctly determined that Sun was not liable to the developer for any portion of the judgment in favor of the construction purchasers.

The award of damages to the construction purchasers is reversed. The judgment is affirmed in all other respects.

STERNBERG, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I respectfully dissent to Parts I and II of the majority opinion.

### I.

Since the contracts of sale contemplated the use of the condominium units as security, it was not possible for the contract purchasers to obtain the commitments for the funds necessary to purchase the condominium units. This was caused by the developer's failure to complete construction and retain title. In a breach of contract action, the plaintiff's inability to perform is excused if the defendant's conduct in breaching the contract makes the plaintiff's performance impossible. *See Spartans Industries, Inc. v. John Pillings Shoe Co.*, 385 F.2d 495 (1st Cir.1967); *Cohen v. Kranz*, 12 N.Y.2d 242, 238 N.Y.S.2d 928, 189 N.E.2d 473 (1963). *See also American Industrial Leasing Co. v. Costello*, 160 Colo. 588, 418 P.2d 881 (1966); Restatement (Second) of Contracts § 261 (1981).

The law does not require the doing of a useless or futile task. *Poznik v. Urton & Co.*, 30 Colo.App. 475, 496 P.2d 1073 (1972), *aff'd*, 181 Colo. 15, 506 P.2d 741 (1973). Here it is implicit in the findings of the trial court that it would have been futile for the contract purchasers to have sought loan commitments to be secured by units in the developer's project. Thus, since the developer's breach excused the purchasers' duties and prevented them from being able

to tender payments, the purchasers may sue for all damages arising from the breach of contract. *See* Restatement (Second) of Contracts § 243 (1981). The proper measure of damages was awarded by the trial court: the market value of the property at the time the conveyance was to take place minus the unpaid contract price. *Bennett v. Moring,* 33 Colo.App. 390, 522 P.2d 741 (1974).

I would therefore affirm the trial court's award of damages to the contract purchasers.

## II.

The sales contracts here did not specify a closing date but rather provided for closing "as soon as reasonably possible after construction of the premises is complete." No closing was ever scheduled as the developers were unable to complete the project and lost title at the foreclosure action.

When a closing does not occur because of the fault of the seller, the seller cannot assert the failure of the sale to consummate as a defense to the broker's action for commission. *See Circle T. Corp. v. Crocker,* 155 Colo. 263, 393 P.2d 744 (1964); *Gerbaz v. Hulsey,* 132 Colo. 359, 288 P.2d 357 (1955). Since the developer made it impossible for the purchasers to obtain financing commitments necessary for closing, the broker did not have to demonstrate that the purchasers were able to close. A party to a contract who is prevented by the other party from discharging his part of the obligation will be treated as though he has performed it. *American Industrial Leasing Co. v. Costello, supra; Empson Packing Co. v. Clawson,* 43 Colo. 188, 95 P. 546 (1908).

Here, the broker secured sales contracts along with down payments from seven prospective purchasers before the condominium project was completed. The broker did everything necessary to procure these buyers. It may not be denied its commission when the developer, because of its own inadequacies, lost the project by foreclosure.

Accordingly, I would reverse the trial court's judgment against the broker and would award it a commission consistent with the contract between the parties.