**FRANK M. HALL & COMPANY,**
**Plaintiff–Appellant,**

v.

**SOUTHWEST PROPERTIES VENTURE,**
**Defendant–Appellee.**

**No. 85CA0819.**

Colorado Court of Appeals,
Div. I.

Oct. 8, 1987.

Rehearing Denied Nov. 5, 1987.

Baker & Hostetler, John N. McNamara, Jr., Kathryn A. Nielson, Denver, for plaintiff-appellant.

Silverman & Riley, William S. Silverman, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Frank M. Hall & Company (the contractor), supplied labor and materials (the improvements) on behalf of Horizon Technology, Inc. (tenant) on property leased by the tenant from defendant, Southwest Properties Venture (landlord). When the tenant failed to pay for the improvements, the contractor brought this action against the landlord and others seeking to foreclose a claimed mechanic's lien against the leased premises or, in the alternative, to recover from the landlord for unjust enrichment. From an adverse judgment on both claims, the contractor appeals. We affirm in part and reverse in part.

In October 1982, the landlord and tenant executed a lease for retail space in the landlord's shopping center. This lease provided that the tenant was to perform, at its expense, certain finish work on the premises according to the landlord's specifications. The lease also provided that, upon termination of the lease for any reason, all tenant improvements except trade fixtures would become the property of the landlord.

On December 3, 1982, the landlord posted a notice of nonliability on a stud in front of the premises. In January 1983, the tenant retained the contractor to perform the required finish work. The landlord's notice remained posted until March 3, 1983, when the work was substantially completed and the certificate of occupancy was issued.

After completion of the work, the tenant defaulted under its lease and failed to pay the contractor. The landlord recovered possession and relet the premises to others. The contractor recorded a lien statement for the amount owing for the furnished improvements. It then brought this action.

The trial court found that the landlord had timely and properly posted the notice of nonliability as provided by § 38–22–105(2), C.R.S. (1982 Repl.Vol. 16A), and that its property was therefore not subject to the lien. It also found that the improvements to the leased premises were not the result of a joint undertaking between the landlord and the tenant whereby the landlord's interest in the premises would become subject to the lien. Finally, after receiving the contractor's offer of proof concerning the landlord's assigning a dollar value to, and receiving payments from the subsequent tenants for, the improvements, the trial court dismissed the contractor's claim of unjust enrichment.

I.

The contractor first contends that the trial court erred in finding that it had no enforceable mechanic's lien against the tenant's leasehold interest. We disagree.

Section 38–22–101, C.R.S. (1982 Repl.Vol. 16A) creates a lien in favor of contractors and materialmen upon the property upon which they have "rendered service or bestowed labor or for which they have furnished materials...." The contractor established its right to a lien on the tenant's leasehold interest. *See Horn v. Clark Hardware Co.,* 54 Colo. 522, 131 P. 405 (1913). However, the tenant had no leasehold interest at the time this action was commenced and, therefore, there was nothing on which to foreclose in order to enforce its lien.

II.

The contractor then argues that, even if it did not have an enforceable mechanic's lien on the tenant's leasehold under § 38–22–101, C.R.S. (1982 Repl.Vol. 16A), it had a separate and distinct lien on the "fixtures" under § 38–22–103(1), C.R.S. (1982 Repl.Vol. 16A). This contention is without merit.

Section 38–22–103(1), C.R.S. (1982 Repl. Vol. 16A) provides that the liens created by § 38–22–101 attach to "all machinery and other fixtures used in connection with any such lands, buildings, mills, structures, or improvements." It does not purport to create any lien separate and distinct from

those created by § 38–22–101, but merely defines the scope and extent of such liens. *See James H. Stewart & Associates, Inc. v. Naredel of Colorado, Inc.,* 39 Colo.App. 552, 571 P.2d 738 (1977). Thus, the contractor had no mechanic's lien on the fixtures that was separate and distinct from its lien on the tenant's leasehold.

■ Moreover, § 38–22–105(2), C.R.S. (1982 Repl.Vol. 16A) provides that an owner's interest shall be subject to a lien for improvements if the owner has knowledge of them, unless within five days after obtaining notice of the construction or improvements, or of intended construction or improvements, the owner "gives notice that his interests shall not be subject to any lien for the same ... by posting and keeping posted a written or printed notice to the effect aforesaid, in some conspicuous place upon said land or upon the building or other improvements situate thereon."

The contractor argues that because the landlord posted its notice of nonliability before it had notice of intended construction, that notice was ineffective. However, the statute merely sets a limit of five days *after* the owner receives notice of intended construction within which the notice must be posted; it does not preclude the posting of a nonliability notice at any time *before* notice of intended construction is received.

Here, the evidence supports the trial court's finding that the landlord timely and conspicuously posted its notice and, hence, was relieved of liability pursuant to § 38–22–105(2). Therefore, we find no error in its holding that the landlord's interest was not subject to the lien. *See Uni–Build Corp. v. Colorado Seminary,* 650 P.2d 1300 (Colo.App.1982).

### III.

■ The contractor next contends that the trial court erred in dismissing its claim against the landlord for unjust enrichment premised upon the landlord's retention of the improvements under its lease with the tenant and its alleged subsequent obtaining of benefit from the sales of the improvements upon reletting the premises to other tenants. Under the circumstances, we agree.

We disagree with the trial court's holding that a claim for unjust enrichment may not be asserted as an alternative to an action to foreclose a mechanic's lien. Section 38–22–124, C.R.S. (1982 Repl.Vol. 16A) provides that a mechanic's lien claimant is not prevented from enforcing any other remedy which he otherwise would have had. *See Hayutin v. Gibbons,* 139 Colo. 262, 338 P.2d 1032 (1959); *Tighe v. Kenyon,* 681 P.2d 547 (Colo.App.1984). Moreover, the unenforceability of a mechanic's lien does not preclude the assertion of a claim premised on unjust enrichment. *See Jordan v. Lone Pines, Ltd.,* 41 Colo.App. 152, 580 P.2d 1273 (1978).

■ To recover under a theory of unjust enrichment, a plaintiff has the burden to prove (1) that it conferred a benefit on the defendant, (2) that the benefit was "appreciated" by the defendant, and (3) that the benefit was accepted under such circumstances that it would be inequitable for the defendant to retain it without payment of its reasonable value. *Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo. 1986); *Jordan v. Lone Pines, Ltd., supra.*

There is no question that here the contractor conferred a benefit on the landlord which it "appreciated." *See Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo.1982); *Restatement of Restitution* § 1, comment b (1937). The issue is thus whether the improvements were accepted under circumstances that make it inequitable for the landlord to retain them without reimbursing the contractor for their reasonable value.

In several similar cases where a contractor has pursued recovery from a landlord, equitable considerations have operated to prevent restitution. *See General Leasing Co. v. Manivest Corp.,* 667 P.2d 596 (Utah 1983) (improvements made without request or permission of landlord); *Coffee Pot Plaza Partnership v. Arrow Air Conditioning & Refrigeration, Inc.,* 412 So.2d 883 (Fla.App.1982) (landlord unable to find new tenant for improved premises); *Jordan v.*

*Lone Pines, Ltd., supra* (mortgage lender had paid for improvements once); *Puttkammer v. Minth*, 83 Wis.2d 686, 266 N.W. 2d 361 (1978) (mere knowing acquiescence in improvements insufficient to justify award).

In contrast here, if we accept as true the admissions in the pleadings, the evidence presented at trial, and the additional evidence contained in the contractor's offer of proof, the equitable factors militate in favor of an unjust enrichment recovery. The landlord not only gave its permission for the work but took an active role in its completion. Indeed, the lease required that the improvements be made, and provided that they would revert to the landlord upon termination of the lease. They were made according to the landlord's specifications, and were inspected and approved by it.

Moreover, the offer of proof was that, by the time of trial, the improved leasehold had been relet twice by the lessor, and the improvements at issue had been sold to the new lessees subject to the same reversion provisions. It was claimed that, in the first such lease, the improvements were transferred to the new tenant for $69,000, payable at the rate of $2,500 per month plus 13% interest; the landlord received approximately $12,500 from this tenant. In the next lease, the improvements were sold again, this time for $55,000, $18,500 down and the balance at $1,250 per month.

In such circumstances, if proved, and absent defenses as yet unpled by the landlord in bar or in mitigation, it would be inequitable for it to retain the benefits it received from the contractor's work and materials without compensating the contractor for its reasonable value. *See Restatement of Restitution* § 168(1) comment b (1937). *See also American Investors Life Insurance Co. v. Green Shield Plan, Inc.*, 145 Colo. 188, 358 P.2d 473 (1960); *Fort Lupton State Bank v. Murata*, 626 P.2d 757 (Colo.App.1981); *Restatement of Restitution* § 161 (1937).

The landlord's argument that its posting of a nonliability notice pursuant to § 38–22–105(2) was sufficient to relieve it from liability for unjust enrichment is without merit.

That part of the judgment dismissing the contractor's claim for unjust enrichment is reversed, and the cause is remanded for trial on that claim. In all other respects, the judgment is affirmed.

SMITH and KELLY, JJ., concur.